UNITED STATES v. HUILSMAN.

(District Court, E. D. Missouri, E. D.    May 8, 1899.)

OFFENSES AGAINST POSTAL LAWS—OPENING OF LETTER—WHAT CONSTITUTES
DELIVERY.
   · After a letter has been delivered by the postal authorities to the person
in whose care it is addressed, it is no longer in the custody of the United
States, nor subject to its jurisdiction; and the opening and destruction of
such letter, or the abstraction of its contents, after it has been so deliv-
ered, though readdressed to be forwarded, but before it has been again
deposited in the mail, is not an offense, under Rev. St. § 3892.

This was an indictment under se¢tion 3892, Rev. St. U. S.    Plea,
not guilty.

A jury having been impaneled and sworn, counsel for defendant stated that
they would agree with the United States attorney that the facts in the case
were as follows:    A letter directed to Miss H., "care Superintendent City Hos-
pital, St. Louis, Mo.," was in due course of mail received by the superintendent,
at his office in the City Hospital.   This superintendent was authorized to
receive the mail of patients for ultimate delivery to them.   Miss H. had been
discharged from the hospital when the letter reached there, and had left her
new address with the superintendent.   The latter erased the address from the
envelope, wrote on it the new address of Miss H., and delivered the letter, so
readdressed, to the defendant, who was a messenger boy in the hospital service,
with directions to him to put it in the street letter box.   Defendant took the
letter, opened it, took out some money and stamps which were in it, and de-
stroyed the letter and envelope; of course, not depositing either in the letter
box.

Counsel for defendant, on this state of facts, agreed to by the district attor-
ney, submitted that there was no offense cognizable under United States law
or under the constitution; citing U. S. v. Safford, 66 Fed. 942, and U. S. v. Lee,
90 Fed. 256, and cases therein referred to.

The United States attorney read opinion from the assistant attorney general
for the post-office department, relying mainly on case of U. S. v. Hall, 98 U.
S. 343, in support of the indictment and the prosecution.

E. A. Rozier, U. S. Atty.
Geo. D. Reynolds and Jos. P. Vastine, for defendant.

ADAMS, District Judge (orally).   This is not a new question with
me.   I had occasion lately, while holding court in the Western dis-
trict, to examine the law very carefully.   I then held that section
3892, Rev. St., did not, when properly construed, contemplate such
a case as this, and, if it did, it was doubtful if the power of con-
gress, under the constitution, would permit such legislation.   Con-
gress has full power, under the constitution, to regulate the carrying
of the mail, and to protect all mail matter as long as it is in the cus-
tody of the postal authorities.   When the postal authorities have
fully discharged their duties, by delivery of the letter to the person
to whom or in whose care it was addressed, they have fully dis-
charged their functions, and in my opinion have gone as far as con-
gress has authorized them to go.   Whatever offense the defendant
has committed, if any, in this case, is one which may be cognizable
under state law, but is not under the United States law.   The jury
will return a verdict of "Not guilty."   That being done, the defend-
ant will be discharged.

Verdict accordingly.   Defendant discharged.