## HUEBNER v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
November 10, 1928.

No. 5098.

Daniel H. Wasserman, of Cleveland, Ohio, for plaintiff in error.

D. C. Van Buren, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

Before DENISON and MOORMAN, Circuit Judges, and HICKENLOOPER, District Judge.

DENISON, Circuit Judge. Huebner was convicted of violating section 194 of the Criminal Code of March 4, 1909, being section 317, tit. 18, U. S. C. (18 USCA, § 317). The jury found that he took from a certain box a letter which did not belong to him and which had been put into the box by the mail carrier on his delivery rounds; and the question presented is whether this box was the "other authorized depository for mail matter" contemplated by that section. The addressee of the letter, the Cleveland Planer Company, occupied an entire building in Cleveland. One entering through the street door into the hallway might pass on into the part of the shop located on the ground floor, or he might turn to the left, go up a winding stairway to the second floor, and there pass through swinging doors into the office. Part way up, this stairway was lighted by a window. On the window sill the company had placed an open pasteboard box, in which it was customary for the postman to leave the mail which he was delivering and for the company's employés to place the outgoing mail ready for him to take.

Under the view taken of similar questions in U. S. v. Safford (D. C.) 66 F. 492, U. S. v. Lee (C. C.) 90 F. 256, and U. S. v. Huilsman (D. C.) 94 F. 486, it might seem that as the duty and responsibility of the government as carrier of mail were finished by the deposit of mail in this box, it then had passed beyond the protecting power of the government; but this view is not open since the decision in Rosen v. U. S., 245 U. S. 467, 472, 473, 38 S. Ct. 148, 62 L. Ed. 406. In that case boxes placed by the several tenants of the building in the main hall of the building were held to be, under section 194 and under the regulations pertinent to that case, authorized depositories. Obviously, the court in that case considered these boxes to be the equivalent of those commonly placed along a country road or upon the front of a building along a city highway; but there is a sharp difference, and we think a controlling one, between the situations involved in that case and in this. In that, the box had been put in a public place over which the box owner had no efficient con-

trol. A box along a rural highway is in no sense in the possession of the box owner; where the box is in the public hallway of an office building, along with other boxes, the box owner's possession of what is put into the box is only constructive and, at the best, of a vague and doubtful character; and while a mail box upon the outside of the front of a city house is on the box owner's real estate, yet its contents are exposed to the entire public passing along the street—a public not restricted to those having business with the box owner nor requiring his license, express or implied, to pass along the sidewalk. It must be conceded that in each such case and in a very fair sense of the phrase, the mail put in such boxes and wrongfully taken by strangers "did not reach the persons to whom it was addressed." Not so with the box here involved. It was within the entrance door of a building occupied exclusively by the addressee; no one had any right to pass up this stairway unless by the license or permission, express or implied, of the addressee; and we do not see any reasonable interpretation of language which would permit us to say that these letters had not actually been delivered to and passed into the possession of the addressee. True, they had not passed into the very hands of any employé of the Planer Company; but we cannot think reaching the addressee was referred to by the Supreme Court in that restricted sense. This box being upon the premises exclusively occupied by the addressee, we cannot distinguish, in principle, from the situation which would have existed if the box had been upon the office wall just inside the swinging doors or, for that matter, had been upon the corner of an office desk. In either case, a limited number of the public, legitimately entering the office, would have had occasion to walk by the box; in either case, the box might be within the letter of the authorizing regulation; yet we could not think that the federal law was intended to reach so far. We must conclude that the regulation defining a letter box, and quoted on page 472 of 245 U. S. (38 S. Ct. 150) of the Rosen Case, does not intend to, or operate to, include such a box as the one now involved, situated as this one was.

Another matter seems to merit notice. The Criminal Code, being the Act of March 4, 1909, contains two analogous and, at first sight, overlapping sections. Section 194 (section 317, tit. 18, U. S. C.) provides a fine of $2,000 and/or five years imprisonment for stealing mail matter out of the mail or any post office or station thereof, or other authorized depository for mail matter. In its form as it existed until the amendment of February 25, 1925 (which put it in the shape now found in section 317, tit. 18, U. S. C.), it made no reference to any "collection box or other authorized depository," but the term "other authorized depository" was only used in association with "a post office or station thereof." The section made no express reference to any letter box of any kind or location.

Section 198 of the Act of March 4, 1909 (being section 321, tit. 18, U. S. C.), punishes by a fine of $1,000 or three years' imprisonment any one who destroyed or broke open or took or stole mail matter from "any letter box or other receptacle intended or used for the receipt or delivery of mail on any mail route."

It would naturally be presumed that these statutes intended to define different offenses, and it would be important to know which statute applied, and what was a "post office * * * or other authorized depository for mail matter," under section 194, and what was a "letter box or other receptacle" under section 198. In this state of the law, the Post Office Department, by the order of January 7, 1915 (as quoted in the Rosen Case), which became paragraph 2 of section 700 of the "Postal Laws and Regulations of 1924," provided that any letter box or other receptacle used for the delivery of mail matter on any city delivery route "is hereby designated a letter box for the receipt or delivery of mail matter within the meaning of the Act of March 4, 1909." As found in the edition of 1924 (in force at the date of the Huebner offense), this quotation continued: "Section 198 (see section 1620)." [1] Whether these express references to sections 198 and 1620 were in the original order and omitted by mistake from the quotations in Rosen v. U. S., 245 U. S. 467, 38 S. Ct. 148, 62 L. Ed. 406, and Pakas v. U. S. (C. C. A.) 240 F. 352, or were added at some later time, we do not know; but without them, as well as with them, it would seem that the reference in this regulation might well be to the "letter box or other receptacle" of section 198 and not to the "post office or other depository," of section 194, since it used the language of the specific and not of the general description. If this inference is correct, there was no postal regulation constituting any such private letter box an "other depository" under section 194 until this same regulation,

---

[1] Section 198 of the Criminal Code is section 1620 of the Postal Regulations, while section 194 of the Criminal Code is section 1625 of the Postal Regulations.

being paragraph 2 of section 700, was amended on May 5, 1928, so as to read that such a box is "hereby designated a letter box for the receipt or delivery of mail matter and an authorized depository for mail matter within the meaning of the Act of March 4, 1909, sections 198 and 194." However, we do not rest the reversal of this case upon the absence of this definitory regulation to bring the case within section 194; and for two reasons we do not essentially rely thereon. The first one is that, unless the express reference in the regulation to section 198 was inserted after the Rosen Case arose, the Supreme Court ruling seems to cover the point, even though the full statutory situation was not there presented to that court. The second is that, although the punishment imposed on Huebner exceeded that permissible under section 198, we could now set aside the excess, and it would not then be clear that he was prejudiced by being prosecuted under the wrong section.

The conviction and sentence are reversed, and the case remanded for appropriate proceedings.