**Shirley Ann MAXWELL, alias Shirley Ann Bagby, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15488.**

United States Court of Appeals Eighth Circuit.

July 12, 1956.

Rodger J. Walsh, Kansas City, Mo., for appellant.

Paul R. Shy, Asst. U. S. Atty., Kansas City, Mo. (Edward L. Scheufler, U. S. Atty., Kansas City, Mo., was with him on the brief), for appellee.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

Shirley Ann Maxwell has appealed in forma pauperis from a judgment of conviction under Section 1702, Title 18, U.S. C. She was charged, by Information filed October 21, 1955 (indictment having been waived), with having unlawfully taken, at Kansas City, Missouri, on April 12, 1955, "a letter addressed to Sarah Dodd, 3239 East 32nd Street, Kansas City, Missouri, which letter had been in a Post Office and an authorized depository for mail matter, before it had been delivered to the person to whom it was directed, with design to obstruct the correspondence and to pry into the business and secrets of another, and did open, secrete and embezzle the contents of the same, to wit, a State of Missouri check in the amount of $10.50, No. 824979, dated April 12, 1955, payable to Sarah Dodd, in violation of Section 1702, Title 18, United States Code."

Section 1702, Title 18, U.S.C. reads as follows:

"Whoever takes any letter, postal card, or package out of any post office or any authorized depository for

mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined not more than $2,000 or imprisoned not more than five years, or both."

The District Court appointed Mr. Rodger J. Walsh, of the Kansas City, Missouri, bar, to represent the defendant. Upon arraignment on October 21, 1955, she entered a plea of guilty. On October 28, 1955, by leave of court, she withdrew that plea and entered a plea of not guilty. She waived trial by jury, and the case was tried to the court upon written stipulations of the facts.

It was stipulated that the defendant on April 12, 1955, lived at 3239 East 32nd Street, Kansas City, Missouri, a residence which had been converted into apartments, and that mail for all tenants thereof was delivered to a common mail box located on the porch. All of the tenants had access to this mail box, and it was customary for "the first person out to get their mail and place mail for other families on a little table in the hall." The letter addressed to Sarah Dodd at 3239 East 32nd Street, Kansas City, Missouri, being the letter referred to in the Information, had been placed in a United States Post Office and in an authorized depository for mail matter at 3239 East 32nd Street, Kansas City, Missouri, for delivery to Sarah Dodd, and was on April 12, 1955, removed from the depository or mail box at that address, together with other mail, by the resident-manager of the apartment building or by a tenant and placed with the other mail upon the table in the hall of the building. The defendant went to the table upon which the mail had been placed, took the Sarah Dodd letter with intent to embezzle it and its contents, opened the letter, secreted the check contained in it, forged an endorse-

ment of the check, and cashed it. Neither the resident-manager nor any tenant of the building had express authority to receive mail matter "as agent of any specific addressee."

The question which the District Court was called upon to decide was whether the stealing by the defendant of the letter addressed to Sarah Dodd, which concededly had never been delivered manually to her, was a federal offense under Section 1702. The importance of the question at the present time, when the mails are flooded with letters containing Government checks, both state and federal, can hardly be overstated. The District Court gave painstaking consideration to the question, and concluded that the defendant was guilty, under Section 1702, of the offense charged in the Information, denied her motion for judgment of acquittal and imposed a sentence of imprisonment for one year, which was suspended and the defendant placed on probation for two years. The opinion of the District Court is reported in United States v. Maxwell, 137 F.Supp. 298.

Both this Court and the District Court are greatly indebted to Mr. Walsh, who, without compensation or hope of reward, has ably represented the defendant. Briefly stated, his contentions are: (1) that the hall table, in the apartment house, from which the defendant took the Sarah Dodd letter, was not a receptacle for mail conforming to the regulations of the Postmaster General; (2) that the defendant stole the letter after delivery and after federal authority and control over it had ceased; and (3) that the court erred in concluding that the language of the statute, "before it has been delivered to the person to whom it was directed," means actual manual delivery to the addressee and that federal protection of mail matter continues until actual delivery.

■ The theory of the defendant is, of course, that when the Sarah Dodd letter was removed from the mail box on the porch of the apartment house and placed upon the hall table it passed be-

**932**

yond the reach and protection of Section 1702, and that its taking could not constitute a federal offense but was, if anything, an offense against the laws of the State. It seems to us, however, that the plain language of the statute discloses a clear intent on the part of Congress to extend federal protection over mail matter from the time it enters the mails until it reaches the addressee or his authorized agent. We can think of no sound reason for not giving to the statute the full meaning which its language imports or for denying to Congress the power to protect a letter from theft from the time it is mailed until it has actually been received by the person to whom it is addressed. Certainly the stealing of undelivered United States mail is a matter of national concern.

The nearest approach to the instant case which has arisen in the Supreme Court is Rosen v. United States, 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406. That case involved letters stolen from unlocked mail boxes placed by tenants in the halls of buildings in which they had their places of business. The federal statute applicable in that case made it an offense to steal from any "authorized depository for mail matter * * * any letter * * *." A regulation of the Post Office Department had made the private mail boxes authorized depositories for mail matter. The Supreme Court, in affirming the conviction of the defendants in the Rosen case, said, 245 U.S. at page 473, 38 S.Ct. at page 151:

> "The suggestion that when the mail was deposited in a privately owned box it passed out of the custody of the government and beyond the protection of the law does not deserve extended notice. The letters which were stolen did not reach the manual possession of the persons to whom they were addressed, but were taken from an authorized depository over which the Act of Congress, by its express terms, extended its protection until its function had been served."

Here, the stolen letter did not reach the manual possession of the person to whom it was addressed, but was an undelivered letter over which Section 1702, we think, extended its protection, even though the letter was not, at the time it was stolen, in an authorized depository for mail matter.

We think it is unnecessary to add anything further to the opinion of the District Court.

The defendant, if so advised, may apply to the Supreme Court for certiorari without payment of Clerk's fees or costs in this Court.

The judgment appealed from is affirmed.