UNITED STATES of America

v.

Norman A. MURRAY.

Crim. No. 26479.

United States District Court
D. Maryland.

Dec. 31, 1964.

Thomas J. Kenney, U. S. Atty., and Thomas P. Curran, Asst. U .S. Atty., Baltimore, Md., for plaintiff.

Edward A. Palamara, Rockville, Md., for defendant.

THOMSEN,* Chief Judge.

This case is before the Court on defendant's motions in arrest of judgment and for judgment of acquittal. Defendant was convicted by this Court of the crime charged in the second count of the indictment, namely, that on or about February 1, 1962, at Wheaton, Maryland, he "took a letter addressed to Lt. Cdr. G. D. Christensen, 13202 Bluhill Road, Wheaton, Maryland, which had been in a post office and an authorized depository for mail matter and in the custody of a letter and mail carrier before it had been delivered to the person to whom it was directed, with design to obstruct the correspondence of such addressee." Reference was made in the indictment to 18 U.S.C. 1702, which covers the crime charged, and 18 U.S.C. 2, the aiding and abetting section.

John Lechliter, a friend of the defendant, had previously pleaded guilty to the same offense, and testified for the government.

Defendant argues: (1) that the evidence was legally insufficient to sustain a conviction for a violation of section 1702, "inasmuch as the subject letter was not taken out of a post office, or an authorized depository for mail matter or the custody of a letter and mail carrier before it had been delivered to the person addressed as alleged in the second count of the indictment"; and (2) that the evidence "revealed that the subject letter was delivered in accordance with the instructions and direction of the' sender, and it was received by a person,

---

* Now being published at the request of a Judge from another District.

or persons lawfully authorized to receive and possess the subject letter; therefore, the United States Postal Department has completed its government function and lost control of said letter."

Defendant's first argument overlooks the fact that the Court found him not guilty of the crime charged in the first count, namely, that defendant had stolen, taken and abstracted the letter out of a letter box, in violation of section 1708, but found him guilty of the crime charged in the second count, a violation of section 1702. The latter section makes it a crime to take a letter "which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it had been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another," as well as to take a letter "out of any post office or any authorized depository for mail matter."

Defendant's second argument requires a consideration of the facts. Defendant (aged 26 at the time of the offense) had been an intimate friend of Lechliter (then 19) for at least a year and a half; he had helped Lechliter obtain a job at the place defendant worked, and was his immediate superior there. The Lechliter family lived at 13202 Bluhill Road, the former home of Lt. Cdr. Christensen, who was no relation to the Lechliters. In 1960 Lechliter had used, without permission, a credit card issued to Christensen, and someone in his family had thereafter paid the bills which were sent to the Bluhill Road address.

During the fall and early winter of 1961–62 defendant and Lechliter had discussed traveling around the country, visiting both Florida and California, although neither of them had money for such a trip. About February 1, 1962, a letter addressed to Lt. Cdr. G. D. Christensen, 13202 Bluhill Road, enclosing one or more Cities Service credit cards made out in his name, expiring February 1963, was mailed by Cities Service and delivered by a mail carrier to the mail box at 13202 Bluhill Road.

There is a conflict in the testimony as to whether it was taken from the box by Lechliter or by his grandmother; in either event it was placed by him or by her on a bookcase in the living room, where the family usually placed its mail. When Lechliter first noticed the letter, whether at the box or at the bookcase, he was accompanied by defendant; both of them immediately recognized what the letter contained, and both of them realized that this was the opportunity they had been waiting for to finance their trip. It is immaterial which one took the letter from the top of the bookcase and opened it. The Court has found that one aided, abetted, counseled, induced and procured the other to take the letter, to open it and to abstract the card or cards.

Very shortly thereafter, they drove south from Maryland in Lechliter's car, having about $100 each. Defendant repeatedly used the credit card to purchase gas and to obtain money for food as they motored, according to their plan, to Florida and to California, visiting New Orleans on the way out and coming home through Canada.

The principles announced in Maxwell v. United States, 8 Cir., 235 F.2d 930 (1956), affirming United States v. Maxwell, W.D.Mo., 137 F.Supp. 298, cert. den. 352 U.S. 943, 77 S.Ct. 266, 1 L.Ed. 2d 239, control this case. In that case Judge Sanborn said:

"The theory of the defendant is, of course, that when the Sarah Dodd letter was removed from the mail box on the porch of the apartment house and placed upon the hall table it passed beyond the reach and protection of Section 1702, and that its taking could not constitute a federal offense but was, if anything, an offense against the laws of the State. It seems to us, however, that the plain language of the statute discloses a clear intent on the part of Congress to extend federal protection over mail matter from the time it enters the mails until it reaches the addressee or his authorized agent. We can think

of no sound reason for not giving to the statute the full meaning which its language imports or for denying to Congress the power to protect a letter from theft from the time it is mailed until it has actually been received by the person to whom it is addressed. Certainly the stealing of undelivered United States mail is a matter of national concern.

"The nearest approach to the instant case which has arisen in the Supreme Court is Rosen v. United States, 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406. That case involved letters stolen from unlocked mail boxes placed by tenants in the halls of buildings in which they had their places of business. The federal statute applicable in that case made it an offense to steal from any 'authorized depository for mail matter * * * any letter * * *.' A regulation of the Post Office Department had made the private mail boxes authorized depositories for mail matter. The Supreme Court, in affirming the conviction of the defendants in the Rosen case, said, 245 U.S. at page 473, 38 S.Ct. at page 151:

> 'The suggestion that when the mail was deposited in a privately owned box it passed out of the custody of the government and beyond the protection of the law does not deserve extended notice. The letters which were stolen did not reach the manual possession of the persons to whom they were addressed, but were taken from an authorized depository over which the Act of Congress, by its express terms, extended its protection until its function had been served.'

"Here, the stolen letter did not reach the manual possession of the person to whom it was addressed, but was an undelivered letter over which Section 1702, we think, extended its protection, even though the letter was not, at the time it was stolen, in an authorized depository for mail matter." 235 F.2d at 931, 932.

The cases relied on by defendant are not to the contrary. In United States v. Chapman, E.D.N.Y., 179 F.Supp. 447 (1959), the Court, applying 39 CFR § 44.6, found that the letter had been delivered to the agent of the addressee. United States, 6 Cir., 28 F.2d 929 (1928), F.Supp. 408 (1952) and Huebner v. United States, 6 Cir., 28 F.2d 929 (1928), were prosecutions for violating a statute similar to 18 U.S.C., section 1708, rather than section 1702.

The motions are hereby denied.