**Sidney B. GOODMAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 19367.

United States Court of Appeals
Fifth Circuit.

Feb. 9, 1965.

Pete White, Dallas, Tex., for appellant.

Robert B. Ward, Asst. U. S. Atty., Dallas, Tex., for appellee.

Before BROWN and BELL, Circuit Judges, and SIMPSON, District Judge.

PER CURIAM:

This appeal is from a conviction on an indictment charging appellant with having unlawfully possessed a check contained in a letter stolen from Post Office Box 2382, United States Post Office, Bryan and Ervay Streets, Dallas, Texas.[1] The charged illegality is based on Title 18 U.S.C.A. § 1708.[2] Several errors are asserted but we consider only the claim that the evidence was insufficient to sustain the conviction.

Post Office Box 2382 in question was rented by appellant from the Post Office

---

1. The Grand Jury charges:
   "That heretofore, to wit, on or about February 26, 1960, in Dallas County, Texas, within the Dallas Division of the Northern District of Texas and within the jurisdiction of this Court, SIDNEY P. GOODMAN and HERBERT L. GAYNOR did unlawfully and knowingly have in their possession a certain check payable to Allied Chemical Corporation, issued by Coast Paint and Lacquer Company in the amount of $4,580.52, dated February 24, 1960, drawn on First City National Bank of Houston, Texas, which said check had on or about said date been contained in a letter stolen from an authorized depository for mail matter, to wit, Post Office Box 2382, United States Post Office, Bryan and Ervay Streets, Dal-

las, Texas, and the said SIDNEY P. GOODMAN and HERBERT L. GAYNOR then and there well knew said check and letter to have been so stolen."

2. In pertinent part:
   " * * * Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—
   "Shall be fined not more than $2,000 or imprisoned not more than five years, or both; * * *."

Department. The check, mailed in a window envelope, was made payable to:

"Allied Chemical Corporation
Post Office Box 2382
Dallas, 21, Texas"

█ It is undisputed that the check was placed in Post Office Box 2382 and removed from the box, together with other mail, by appellant and taken to his home. There is a dispute as to what disposition was made of the check thereafter and by whom. Co-defendant Gaynor pleaded guilty, and it was his testimony that he and appellant attempted to open a bank account with the check. He had previously given two statements to a postal inspector. In the first he assumed responsibility by saying that he stole the check from the home of appellant. He changed his story some months later in a second statement to implicate appellant, but in no event was there any semblance of evidence to show that appellant intended to steal the check at the time it was removed from his post office box, or at the time he first discovered it as being in his mail. There was no evidence that it was stolen from the mails. It was undisputed that the decision as to the misadventure, such as it was, came after the letter had been removed inadvertently to the home of appellant. Thus it is clear that there was no evidentiary basis whatever to support the charge in the indictment that the check, that is to say the letter in which the check was contained, was stolen from the post office box.

█ The Court of Appeals for the Second Circuit noted in United States v. Hines, 2 Cir., 1958, 256 F.2d 561, a case involving a similar indictment, that to procure a conviction it is necessary for the prosecution to show that the letter was stolen from the mails, and that the defendant unlawfully possessed it knowing that it was stolen. The evidence was found sufficient there but the case was reversed on other grounds. Here we find the proof deficient. The conviction cannot stand in light of the complete absence of proof that the check was stolen from the mails. This is the basis of the indictment, not some other statute, cf. 18 U.S.C.A. § 1702, and it is to this allegation that the proof must conform. See generally United States v. Meyers, E.D.Wis., 1906, 142 F. 907. It follows that the judgment appealed from must be reversed, and that judgment should be and it is here rendered for appellant.

Reversed and rendered; remanded for the entry of judgment accordingly.