**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carl LOGWOOD, Defendant-Appellant.**

**No. 15305.**

United States Court of Appeals
Seventh Circuit.

May 24, 1966.

---

R. Eugene Pincham, Earl E. Strayhorn and Charles B. Evins, Chicago, Ill., for defendant-appellant.

Edward V. Hanrahan, U. S. Atty., Jules Terrence Brunner, Atty., Chicago, Ill., for appellee, John Peter Lulinski, Lawrence Jay Weiner, Asst. U. S. Attys., of counsel.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Carl Logwood, the defendant-appellant, was convicted on a jury verdict finding him guilty of a violation of 18 U.S.C.A. § 1708.[1] He was sentenced to imprisonment for a period of three years.

\* \* \* \* \*

Whoever \* \* \* unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen \* \* \*—

Shall be fined not more than $2,000 or imprisoned not more than five years, or both."

---

1. Insofar as here pertinent, § 1708 provides:

"Whoever steals, takes, or abstracts, \* \* \* from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag or mail, any article or thing contained therein, \* \* \*; or

Defendant's appeal challenges the validity of the one-count indictment on which he was convicted and the sufficiency of the evidence to sustain the conviction. Defendant additionally predicates reversible error on the trial court's denial of his request, made at the close of the government's case, for a delay for the purpose of securing the attendance of persons he desired to call as witnesses; the court's denial of his motion to suppress as admissible in evidence a driver's license taken from him; and the court's failure to exclude from evidence certain admissions made by the defendant upon his arrest. The errors claimed with respect to the admissions of evidence are grounded upon defendant's claim of an unreasonable search and seizure, and extrajudicial admissions induced by confrontation with the product thereof, concomitant with an invalid arrest.

■ The indictment is unartfully drawn. In referring to the letter from which the driver's license is alleged to have been unlawfully extracted it avers the letter "had been" rather than "was" in the mail. But no pretrial motion attacking the sufficiency of the indictment was made, and consequently it is immune from such an attack unless it is so obviously defective as not to charge the offense by any reasonable construction. Klein v. United States, 7 Cir., 204 F.2d 513, 514; United States v. Vanderberg, 7 Cir., 358 F.2d 6. The obvious use of the inappropriate tense does not, in the context in which the expression here appears, result, in our opinion, in the indictment's failure to meet the test for sufficiency recognized as critical in Russell v. United States, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 8 L.Ed.2d 240, and United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92. It states the elements of the offense intended to be charged with a particularity sufficient to apprise the accused of what he must be prepared to meet, and to enable the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense.

■ We turn to consideration of the sufficiency of the evidence to sustain defendant's conviction of the "unlawful possession" offense proscribed by § 1708. In resolving this issue we view the evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680. The facts as established by evidence so viewed may be summarized as follows: A driver's license issued to Fred L. Walley, 1312 So. Christiana Avenue, Chicago, Illinois, was mailed to said addressee but never reached him. Walley was a tenant in an apartment building at that address. There were no mail boxes for the deposit of the mail. The mail was normally delivered to the landlady. The tenants usually either received the mail from the landlady while passing by in the hall, or went to her and asked for it. The defendant, the landlady's son, took the license from an envelope addressed to Walley, which was lying on the window sill in his mother's apartment and when stopped by a police officer represented that he was Walley, the owner of the license. Walley had not authorized the defendant or anyone else to take his driver's license.

■■ We agree with the defendant's contentions that the evidence fails to establish that the license found in the defendant's possession was stolen from the mail and that proof that it was so stolen or taken from the mail is a prerequisite to defendant's conviction of the "unlawful possession" offense defined and proscribed in § 1708. The record fully establishes that the defendant stole Walley's driver's license and therefore possessed it with the knowledge that it was stolen. But the evidence, although viewed in a light most favorable to the government, merely shows that the defendant stole the license after the letter from which he abstracted it had been delivered to his mother, the landlady, who received or collected the mail for her tenants. But § 1708 in defining the offenses it interdicts enumerates the postal custody, mail receptacles, and "other authorized depository for mail matter" it is designed to

protect against theft. The section evinces no congressional intent to afford federal protection to items beyond those points. The letter and its contents here purloined were not stolen from a custody or locus within the purview of § 1708 and consequently the evidence does not establish that the defendant was in possession of a "letter * * * or any article or thing contained therein * * * so stolen * * * as herein described".

The government's reliance upon Rosen v. United States, 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406, is misplaced. That case involved letters containing checks which were stolen from boxes placed by tenants for the receipt of mail in the halls of the building in which they had their places of business. The boxes, which bore the names of their owners, were held to be authorized mail depositories under the provisions of a Post Office Department regulation. In the instant case there is nothing to indicate that the landlady was an authorized custodian of the tenant's mail pursuant to any postal regulation or that the window sill of her apartment was an authorized mail depository.

Maxwell v. United States, 8 Cir., 235 F.2d 930, cited by the government, turns on the express language utilized in 18 U.S.C.A. § 1702 which serves to extend the protective mantle of that particular section to embrace matter which has been in postal custody or in an authorized depository and is intercepted "before it has been delivered to the person to whom it was directed". § 1702 appears to be primarily directed at an invasion of privacy "with design to obstruct the correspondence, or to pry into the business or secrets of another" and it encompasses a latitude commensurate with that purpose. But in our opinion it is obvious from the differences in the specific language and terminology employed that § 1708 is not intended to and does not reach as far as § 1702 extends.

In United States v. McCready, C.C., 11 F. 225, also cited by the government, the provision involved was one similar to § 1702 and contained like language expressing equal breadth of scope with respect to its application.

Smith v. United States, 5 Cir., 343 F.2d 539, the remaining case relied upon by the government, does involve a § 1708 conviction, but it is of no aid to the government's position. In Smith "[t]here was ample evidence that the mail was in the hotel mailbox"—which by postal regulation was an authorized depository for mail matter—when it was stolen therefrom. This factor is relied upon in Smith to distinguish[2] the factual situations involved in some of the cases here relied upon by the defendant, including Huebner v. United States, 6 Cir., 28 F. 929, where the letter was taken from an open pasteboard box kept on a window sill located on the second floor and far removed from the entrance to the building, and the premises were under the control of a single addressee; United States v. Askey, S.D.Tex., 108 F.Supp. 408, where the mail was delivered by dropping it through a slot in the wall onto the floor of a room in a private residence and the letter was taken from the floor; and United States v. Lophansky, E.D.Pa., 232 F. 297, where the charge concerned mail matter not taken from the letter box but which had been left on but outside of the box.

■■ We conclude that defendant's conviction must be reversed for failure of the evidence to establish the violation charged. In view of this conclusion we deem it unnecessary to extend this opinion to discuss the remaining contentions of the defendant. We have, however, considered each of those contentions and we find them all to be without merit. On the facts disclosed by the record, the defendant's request for a delay in the trial was both untimely made and without a showing of any reasonable supporting ground. The trial court's denial of such request did not constitute an abuse of discretion. And, the record reveals the existence of probable cause for the

2. 343 F.2d 539, 543, footnote 6.

defendant's arrest, an arrest made pursuant thereto, and no unreasonable search or seizure or other basis for predicating error upon the court's rulings on the admission of evidence of which defendant complains.

The judgment order of conviction and sentence appealed from is reversed.

Reversed.