**James Lovelle ALLEN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24508.**

United States Court of Appeals
Fifth Circuit.

Jan. 5, 1968.

---

3.  153 N.L.R.B. No. 495.

Mark Hulsey, Jr., Jacksonville, Fla., for appellant.

Thomas M. Baumer, Allan P. Clark, Asst. U. S. Attys., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., Middle District of Florida, for appellee.

Before BELL, GOLDBERG and DYER, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

This appeal is from a conviction on an indictment charging appellant with having unlawfully possessed a welfare check which had been stolen from the United States mails in violation of Title 18 U.S.C.A. § 1708. In the view we take of the case, only one assignment of error need be considered: Was the evidence sufficient to show that the misappropriated welfare check had been stolen from the mails? We hold that it was not and reverse.

The welfare check involved was mailed on February 3, 1966 to James A. Jackson at 1734 Walnut Street, Jacksonville, Florida. It happened that James Jackson did not live at that address; he lived at 1739 Walnut Street. Appellant lived at 1734 Walnut Street. The evidence demonstrated that appellant negotiated the check in his own name shortly thereafter at a branch bank located on the Jacksonville Naval Air Base. He denied placing Jackson's endorsement on the check and contended that he obtained the check from a sailor. A handwriting expert, however, testified that the two endorsements were of common authorship, and that appellant was the author. His conviction followed.

■■ To procure a conviction in a case such as this the prosecution must show possession on the part of the defendant, that the letter was stolen from the mails, and that the defendant knew the letter and its contents had been so stolen. The statute is premised on protecting the mails and does not interdict theft after a letter or package has left the mails. Cf. United States v. Logwood, 7 Cir., 1966, 360 F.2d 905, where the conviction was reversed in light of the undisputed proof that the theft occurred after the letter had been removed from the mails.

A different factual situation was presented in United States v. Hines, 2 Cir., 1958, 256 F.2d 561, a case involving a similar prosecution. The proof there was that the letter containing the stolen check was deposited in the mails properly addressed to the payee. The payee did not receive it nor did he authorize anyone to receive it on his behalf. The defendant had possession of the check and attempted to cash it, using false identification and a forged endorsement. Although reversing on other grounds the court said that, absent a contrary explanation, the jury could infer from these facts that the letter was stolen from the mails. The defendant's general denial was not a sufficient explanation. This reasoning was followed in Webb v. United States, 10 Cir., 1965, 347 F.2d 363, where the court held that the defendant's possession and cashing of a stolen check was tainted with guilt and was not inconsistent with innocence under all of the circumstances. The court concluded that the prosecution need not show how the mail was stolen.

In Goodman v. United States, 5 Cir., 1965, 341 F.2d 272, we were presented

with a factual situation involving one added facet. The letter was not properly addressed. It was addressed to the payee at the defendant's address, post office box 2382. The defendant removed the letter which had been thus inadvertently placed in his mailbox along with other mail belonging to him to his home. It was undisputed that the misadventure came after the letter was removed from the mails. We reversed the conviction on the ground that there was no proof whatever that the letter was stolen from the post office box. The distinction was that no proof was offered to show an intent to steal the check which was contained in the letter when it was removed from defendant's post office box. We think this constituted "a contrary explanation" within the meaning of the *Hines* case sufficient to dislodge the inference resting on possession.

Here the evidence is also entirely silent on the question whether there was any intent to steal the check at the time it was removed from the mail. There is one difference between the instant case and *Goodman*: Here there is no evidence that the misadventure began after removal from the mails. There is simply no evidence on the point one way or the other. Mere possession at a later date where there is also proof of a misdirection of the check to the defendant, as was the case, is consistent with innocence on the requisite element that the check was stolen from the mails. It is as reasonable to presume that the decision to steal or convert the check took place at a time after it had left the mails. That it was stolen is not sufficient; the proof must show that it was stolen from the mails. Cf. Rent v. United States, 5 Cir., 1954, 209 F.2d 893, 899–900, on the requirement that an inference from possession be not only consistent with guilt but inconsistent with every reasonable hypothesis of his innocence. Appellant's motion for judgment of acquittal should have been granted.

Reversed and remanded for further proceedings not inconsistent herewith.