**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Rufus BROWN, Jr., Duane Elliot Nolen,**
**Defendants-Appellants.**

**Nos. 22626, 22626-A.**

United States Court of Appeals,
Ninth Circuit.

April 24, 1970.

Ron Bain (argued), Los Angeles, Cal., for defendants-appellants.

Wm. Matthew Byrne, Jr., U. S. Atty., Michael L. Heuer, Robert L. Brosio, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, BROWNING and ELY, Circuit Judges.

PER CURIAM.

Defendant Rufus Brown was convicted of taking a letter addressed to Mrs. Phoebe Brown, which had been in a post office, before it had been delivered to the addressee, "with design to obstruct the correspondence," and opening, secreting and embezzling the letter, in violation of 18 U.S.C. § 1702.[1] Defendant Nolen was convicted of aiding and abetting the commission of the offense.

The government's evidence established that the letter in question, containing Mrs. Brown's paycheck, was misdelivered into defendant Brown's mailbox; that he opened the letter and discovered the mistake, but decided to keep the check; and that he gave the check to Nolen to cash.

Citing several early decisions under a predecessor statute, defendants argue that section 1702 does not apply because the post office voluntarily terminated its custody of the letter by delivering it to defendant Brown's mailbox.[2]

---

1. 18 U.S.C. § 1702 provides in pertinent part:

    "Whoever takes any letter * * * which has been in any· post office * * * before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, * * * or opens, secretes, embezzles, or destroys the same, shall be [subject to fine and/or imprisonment]."

2. United States v. Parsons, 27 Fed.Cas. p. 451 (No. 16,000) (C.C.N.Y.1849) ; United

**1174**

But later authority makes it clear that section 1702 protects the mail until it is actually received by the addressee. Mc-Cowan v. United States, 376 F.2d 122, 124 (9th Cir. 1967); United States v. Wade, 364 F.2d 931, 934 (5th Cir. 1966); Devine v. United States, 278 F.2d 552, 554 (9th Cir. 1960); United States v. Maxwell, 235 F.2d 930 (8th Cir. 1956); *see also* Rosen v. United States, 245 U.S. 467, 473, 38 S.Ct. 148, 62 L.Ed. 406 (1918); United States v. Logwood, 360 F.2d 905, 908 (7th Cir. 1966).

■ Defendant Nolen contends that the evidence was insufficient to support his conviction. Section 1702 requires a specific intent "to obstruct the correspondence, or to pry into the business or secrets of another."

■ The evidence shows that Brown opened the letter, took out the check, and threw the envelope away; and that he later gave the check to Nolen when the latter came to his apartment to borrow money. There is no proof that Nolen knew that defendant Brown had taken the check from Mrs. Brown's letter, nor any other evidence direct or circumstantial that Nolen had the requisite specific intent. Absence of proof of this essential element of the section 1702 offense requires reversal of defendant Nolen's conviction.

The remaining assignments of error, as they pertain to defendant Brown, are without merit.

■ Defendant Brown cannot argue that the check and his confession were fruits of an "unlawful" initial detention and subsequent arrest of Nolen, for no right of privacy of defendant Brown was violated. Alderman v. United States, 394 U.S. 165, 171–174, 89 S.Ct. 961, 22 L.Ed. 2d 176 (1969).

■ Nor was defendant Brown's confession the "fruit" of his own "illegal" arrest, as he suggests, for the evidence is uncontradicted that he agreed to accom-

pany the officers to the station voluntarily, that he was fully advised of his rights before being confronted by Nolen, and that he was arrested only after the confrontation had led him to confess.

 Denial of *pretrial* discovery of Jencks Act statements of prospective government witnesses did not offend the Constitution. Palermo v. United States, 360 U.S. 343, 353–354, 79 S.Ct. 1217, 3 L.Ed.2d 1287 n. 11 (1959).

Reversed as to defendant Nolen; affirmed as to defendant Brown.

v. Safford, 66 F. 942 (E.D.Mo.1895); United States v. Thoma, 28 Fed.Cas. p. 74 (No. 16,471) (D.N.J.1879); United States

v. Driscoll, 25 Fed.Cas. p. 914 (No. 14,994) (D.Mass.1869).