UNITED STATES of America, Plaintiff-Appellee,

v.

Paul Louis BIRNSTIHL, Defendant-Appellant.

No. 26435.

United States Court of Appeals, Ninth Circuit.

April 21, 1971.

Ron Bain (argued), Los Angeles, Cal., for defendant-appellant.

Dale Henry Thayer (argued), Asst. U. S. Atty., Howard Frank, Asst. U. S. Atty., David R. Nissen, Chief, Crim. Div., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, HAMLEY, and HUFSTEDLER, Circuit Judges.

**PER CURIAM:**

Appellant, Paul Louis Birnstihl, seeks reversal of his conviction for violating 18 U.S.C. § 1708 (mail theft), arguing that the Government failed to prove the elements of the offense for which he was indicted.

Birnstihl was arrested in January of 1970 attempting to charge merchandise to a credit card that was not his own. He also had possession of two credit cards in the name of Mr. and Mrs. Steven Gubics. The Gubics never received the cards that had been mailed to their former residence. The Gubics had left a proper forwarding address. Birn-

stihl was indicted under 18 U.S.C. § 1708 for possession of goods stolen from the mail. He was tried before a judge sitting without a jury and was convicted. This appeal followed.

■■■ To carry its burden under section 1708, the Government had to prove that the credit cards were stolen while the mail was in the possession of the post office or in a mail receptacle. If the mail had already been received by the addressee, or if it were misdelivered to one who did not form the intent to steal it until after he had lawfully removed the mail from its receptacle, there is no violation of section 1708. (Allen v. United States (5th Cir. 1968) 387 F.2d 641; Goodman v. United States (5th Cir. 1965) 341 F.2d 272.) The Government's burden is eased, however, by the rule that allows the trier of fact to infer from the facts that a properly addressed and recently mailed item was never received by the addressee and that the item was found in the defendant's possession the further fact that the possessor stole the item from the mail. (United States v. Hines (2d Cir. 1958) 256 F.2d 561.) The same inference is permissible if the item was sent to the addressee's former residence so long as the addressee had filed a proper notice of change of address. (Whitehorn v. United States (8th Cir. 1967) 380 F.2d 909.)

Birnstihl argues that the judge could not have relied upon the *Hines-Whitehorn* inference because there was evidence introduced contrary to the inference. One of the Government's witnesses, Birnstihl's former accomplice named Colvin, testified on cross-examination that another accomplice had told him that he had received the cards in his mail due to an error in delivery. Colvin also testified that the second accomplice told him that he did not decide to steal the contents of the misdirected envelope until he had removed it from his mail receptacle and felt its contents. Birnstihl argues that Colvin's testimony refutes the inference that the cards were stolen from the mail, because it shows that they were lawfully in the hands of the ac-

complice before the intent to steal them was formed.

The argument has merit if the court credited Colvin's testimony. But it did not. The court explicitly chose to reply upon the inference of proper delivery and not upon Colvin's testimony. The court was not compelled to reject the inference in favor of Colvin's testimony. (*Cf.* United States v. McAbee (9th Cir. 1970) 434 F.2d 361.)

Birnstihl also argues that the failure of the private security guard who apprehended him to give him the *Miranda* warnings made his inculpatory statements to that guard inadmissible. We disagree. Miranda v. Arizona (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 by its own terms applies only to the actions of law enforcement officials. The evidence was completely inadequate from which to conclude that the guard in this case was an actual or ostensible agent of the police.

The judgment is

Affirmed.