**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Elizabeth Gail ASHFORD,**
**Defendant.**

**No. CR 75–21.**

United States District Court,
N. D. Iowa,
Cedar Rapids Division.

Aug. 22, 1975.

Alan H. Kirshen, Asst. U. S. Atty., Sioux City, Iowa, for plaintiff.

Jerald W. Kinnamon, Cedar Rapids, Iowa, and J. Eric Heintz, Iowa City, Iowa, for defendant.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on defendant's resisted motions to dismiss, for judgment of acquittal, and for new trial, respectively filed July 28, August 12, and August 12, 1975.

The two-count indictment in this case charges defendant in count 1 with violating 18 U.S.C. § 1702 [1] and in count 2 with violating 18 U.S.C. § 1708.[2] On the morning when trial was scheduled to commence, defendant filed her motion to dismiss for lack of jurisdiction and failure to charge an offense. The court granted the government five days in which to file a resistance, and reserved ruling on the motion pending receipt of the resistance.

---

1. Section 1702 of Title 18, United States Code, provides:

Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined not more than $2,000 or imprisoned not more than five years, or both.

2. Section 1708 of Title 18, United States Code, provides in relevant part:

Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein; or

Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—

Shall be fined not more than $2,000 or imprisoned not more than five years, or both.

■ The trial proceeded, and defendant moved for judgment of acquittal at the close of the government's case in chief and at the close of all the evidence. The court also reserved ruling on these motions. A verdict of guilty was returned by the jury on both counts. Defendant then filed a renewed motion for judgment of acquittal under Rule 29(c), FRCrP, and a motion for new trial pursuant to Rule 33, FRCrP. All motions are ripe for decision.[3]

### Motion to Dismiss

■ Defendant asks dismissal of both counts on the ground that the indictment fails to charge an offense in either count and also fails to establish federal jurisdiction.[4] Though the motion was filed at the eleventh hour just as the trial was about to begin, it is clear that these defenses could be raised at any stage of the proceedings. Rule 12(b)(2), FRCrP.

The central argument raised by defendant is that the language of the indictment does not charge an offense under the statute alleged in either of the two respective counts. It is the view of the court that this contention is well taken with respect to count 2 but not for count 1.

Count 2 of the indictment reads:

Between on or about June 22, 1974, and on or about March 27, 1975, at Cedar Rapids, Linn County, in the Cedar Rapids Division of the Northern District of Iowa, ELIZABETH GAIL ASHFORD did, in violation of Section 1708, Title 18, United States Code, receive, conceal and unlawfully have in her possession a letter, and article and thing contained therein, to wit: a letter from Bank Americard Center, P.O. Box 868, Omaha, Nebraska 68101 addressed to: Charles W. Ashford *c/o Elizabeth Ashford, 1626 Park Town Lane N.E., Apt. 3, Cedar Rapids, Iowa, 52402,* and containing Bank Americard No. 4418–829–215–847 in the name of Charles W. Ashford, which letter had been taken, embezzled and abstracted from and out of an authorized depository for mail matter, the said ELIZABETH GAIL ASHFORD then and there knowing the same to have been taken, embezzled and abstracted. (Emphasis added.)

Defendant contends that since the indictment concedes that the letter with the enclosed credit card was addressed "care of" her at her address, she cannot be guilty of an offense under 18 U.S.C. § 1708.

■ An essential element of the crime of unlawful possession under § 1708 is that the letter or article possessed has been stolen or embezzled while "in the mail." *United States v. Matzker,* 473 F.2d 408 (8th Cir. 1973); *United States v. Logwood,* 360 F.2d 905 (7th Cir. 1966). The statute itself delimits its boundaries of protection, including all times when a letter is in the possession of a post office or mail carrier and also while in a letter box or other authorized mail depository. 18 U.S.C. § 1708; *United States v. Lynn,* 461 F.2d 759, 761 (10th Cir. 1972); *United States v. Birnstihl,* 441 F.2d 368, 369 (9th Cir. 1971); *Allen v. United States,* 387 F.2d 641, 642–43 (5th Cir. 1968); *United States v. Thomas,* 361 F.Supp. 978, 980 (N.D.Tex.1973).

■■ The statute, however, does not reach beyond the lawful removal of letters from a mail receptacle. Hence it does not encompass the situation where mail is lawfully removed from a mail

3. The three motions for judgment of acquittal, being premised on the same ground and subject to the same standard in being ruled upon by the court, shall be treated simultaneously as if embodied in a single motion. *See* 2 C. Wright, *Federal Practice and Procedure* § 467.

4. Defendant's arguments are more appropriately considered as asserting a failure of the indictment to charge an offense rather than that the offense, if properly charged, would not be within the jurisdiction of a federal court.

box by one who is living at that address but is not personally the addressee, and who subsequently forms the intent to steal the mail.[5] *Birnstihl, supra* at 369; *Logwood, supra* at 907–908. Once mail is delivered to an authorized depository at the address indicated on the mail, and removed from said depository by one entitled to do so, the protection of § 1708 against theft *from the mail* ceases. *Logwood, supra* at 907–908; *Allen, supra* at 642.

■ Here, as the indictment itself sets forth, the letter was addressed "care of" the defendant at her address. Possession of such a letter or article contained therein cannot constitute a violation of § 1708 because the defendant could not have stolen or embezzled it from her own mailbox. She could lawfully remove it from the mail receptacle and thereupon the opportunity to commit an offense under § 1708 was extinguished.

■ The government urges an alternative theory upon which to validate count 2 of the indictment. Simply put, the government contends that the defendant, while acting as a post office employee, altered the envelope of a previously returned letter from Bank Americard to Charles W. Ashford so as to indicate that the current address of Charles Ashford was c/o the defendant at her address. Even assuming that such procurement of mail to one's own address would constitute an embezzlement under the statute, *see United States v. Goldsmith*, 274 F.Supp. 494 (E.D.Pa.1967) (embezzlement under 18 USC § 1709), the indictment here does not charge such conduct. The indictment alleges that defendant possessed a letter and credit card contained therein which had been taken or embezzled *from an authorized depository for mail*, and this charge, in light of the address on the envelope described in the indictment

itself, does not constitute an offense under § 1708 for the reasons set forth above.

■ The opposite conclusion must be reached for count 1. That count reads:

On or about June 22, 1974, at Cedar Rapids, Linn County, in the Cedar Rapids Division of the Northern District of Iowa, ELIZABETH GAIL ASHFORD did, in violation of Section 1702, Title 18, United States Code, take a letter which had been in a post office and authorized depository for mail matter, to wit: a letter from Bank Americard Center, P. O. Box 868, Omaha, Nebraska 68101, addressed to Charles W. Ashford, c/o Elizabeth Ashford, 1626 Park Town Lane, N.E., Apt. 3, Cedar Rapids, Iowa 52402, and did open, secrete and embezzle the same before it was delivered to the person to whom it was directed, with design to obstruct the correspondence of the said Bank Americard Center and the said Charles W. Ashford.

Defendant again argues that no offense has been charged because the protection of § 1702 terminated upon receipt of the letter by defendant, the c/o addressee. The obstruction of mail statute encompasses "any letter, postal card or package . . . which *has been* in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed." (Emphasis added.)

Similar language in a predecessor statute, Rev.St.U.S. § 3892, received conflicting judicial interpretations as to whether it extended liability for obstruction until actual delivery to the ultimate addressee or whether such protection ended when the post office completed its responsibilities by delivery to an intermediate addressee. *Compare United*

---

5. This situation arises, for example, where a letter is addressed to a person at his former address, and is unknowingly removed from the mail receptacle by a subsequent occupant at that address.

*States v. Hilbury,* 29 F. 705 (E.D.S.C. 1887), and *United States v. McCready,* 11 F. 225 (C.C.W.D.Tenn.1882), *with United States v. Bullington,* 170 F. 121 (C.C.N.D.Ala.1908), *United States v. Huilsman,* 94 F. 486 (E.D.Mo.1899), and *United States v. Lee,* 90 F. 256 (C.C.N. D.Ga.1898).

However, the courts have generally adopted the broader view of coverage when interpreting the current statute, enacted in 1948. 62 Stat. 778. Thus completion of delivery by the post office to the address indicated on the mail matter does not circumscribe the reach of § 1702, but rather the statute embraces these materials until they are manually delivered to the addressee or his authorized agent. *United States v. Brown,* 425 F.2d 1172 (9th Cir. 1970); *Ross v. United States,* 374 F.2d 97 (8th Cir. 1967); *United States v. Wade,* 364 F.2d 931 (6th Cir.1966); *Maxwell v. United States,* 235 F.2d 930 (8th Cir. 1956), *cert. denied,* 352 U.S. 943, 77 S. Ct. 266, 1 L.Ed.2d 239; *United States v. Murray,* 306 F.Supp. 833 (D.Md.1964). Unlike § 1708, the obstruction statute is not limited to the period in which mail is physically in the possession of the post office or within an authorized mail depository. *United States v. Logwood, supra* at 908; *Murray, supra* at 834.

Defendant argues that the "care of" direction on the letter is distinguishable from the misdelivery situation in such cases as *Brown, supra.* The postal regulations, 39 CFR § 154.1(f) (1974), state that mail marked "in care of" another may be delivered to the address of the person in whose care it is directed in the absence of instructions from the addressee. In *United States v. Chapman,* 179 F.Supp. 447 (E.D.N.Y.1956), the court held that § 1702 was not applicable once mail was delivered to a medical institution where a postal regulation, 39 CFR § 44.6(a) (1955), declared that delivery of mail to patients at the institution was effected by delivery to the institution. Defendant argues that, by

analogy here, completion of the post office's delivery obligations under 39 CFR § 154.1(f) removed a subsequent obstruction from the purview of § 1702.

It is doubtful whether the *Chapman* case embodies the law in this circuit. In *United States v. Maxwell,* 137 F. Supp. 298, 304 (W.D.Mo.1955), *aff'd Maxwell v. United States, supra,* the court cited with approval *United States v. Hilbury, supra.* In the latter case it was held that coverage of the predecessor statute, Rev.St.U.S. § 3892, extended to the ultimate addressee, and that a "care of" addressee was liable if he interfered with the mail with intent to obstruct delivery to the primary addressee. 29 F. at 705–706. Furthermore in *Ross, supra,* the Eighth Circuit reiterated its view that § 1702 protects mail matter "from the time it enters the mails until it reaches the addressee or his authorized agent" (citing *Maxwell*), without referring to whether the post office had officially completed its delivery responsibilities. 374 F.2d at 103. And finally, the hospital in *Chapman* was an authorized agent to receive mail for the patients, but the question of agency is one of fact to be resolved at trial. *See Murray, supra* at 835.

*Motion for Judgment of Acquittal*

Defendant moves for judgment of acquittal on the ground that the evidence is insufficient to sustain a conviction. This motion must also be granted for count 2 and denied for count 1.

■ When a properly addressed and recently mailed item is never received by the addressee, it is permissible to infer from unexplained possession by the accused that the accused stole the item in violation of 18 U.S.C. § 1708. *United States v. Matzker, supra* at 411; *United States v. Hines,* 256 F.2d 561, 562 (2nd Cir. 1958). The presumption is rebuttable, and proof that mail was delivered to a defendant's address and lawfully removed by him from the mail presents a contrary explanation negating the infer-

ence and preventing a conviction under § 1708. *Allen v. United States, supra.* Here it is undisputed that the letter and enclosed credit card were received by defendant at her address. No evidence was presented establishing the government's alternate theory, that defendant in fact procured a change of address to misdirect the letter to her mailbox. Accordingly, a judgment of acquittal must be rendered on count 2.

Having determined above that 18 U. S.C. § 1702 prohibits one to whom a letter is addressed "care of" from interfering with delivery to the ultimate addressee, at least in the absence of an agency relationship, the court is of the view that the evidence sustains the conviction under count 1. Viewing the evidence in the light most favorable to the government, *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), there is ample evidence in the record that the defendant was not authorized to retain this letter and credit card and that she in fact secreted or embezzled the same in violation of § 1702.

### *Motion for New Trial*

In the event dismissal or acquittal is not granted on one or both counts, defendant moves for a new trial. The grounds asserted are that the court erred in various rulings on instructions given to the jury. The court is of the view that these objections are not well taken for the reasons heretofore given at the time of said rulings.

It is therefore

Ordered

1. Motion to dismiss denied on count 1 and granted on count 2.

2. Motion for judgment of acquittal denied on count 1 and granted on count 2.

3. Motion for new trial denied.