UNITED STATES of America, Appellee,

v.

Elliott F. BRUSSEAU, Appellant.

No. 77–1644.

United States Court of Appeals,
Fourth Circuit.

Submitted Nov. 14, 1977.

Decided Dec. 5, 1977.

Jack B. Wood, Salem, Va. (Court-appointed), on brief for appellant.

Paul R. Thomson, Jr., U. S. Atty., Robert S. Stubbs, Asst. U. S. Atty., Roanoke, Va., David J. Kline, Atty., Dept. of Justice, Washington, D. C., on brief for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Elliott Brusseau appeals from a judgment of the District Court for the Western District of Virginia convicting him of obstructing correspondence in violation of 18 U.S.C. § 1702.[1] He claims that the Postal Service had delivered the letters before he took them and, thus, his actions did not constitute a violation of § 1702. We disagree.

Virginia Polytechnic Institute and State University (V.P.I.) hired Brusseau to sort mail in V.P.I.'s central mail facility and carry it to the dormitory mail rooms for students to pick up. He also collected undeliverable mail, added forwarding addresses, and returned it to the central mail room for forwarding.

Postal inspectors, investigating mail losses at V.P.I., prepared two cancelled envelopes and addressed them to students no longer living in the residence halls. Before Brusseau reported for work, the inspectors left the two control letters with other letters which students had pushed back through the boxes of a dormitory mail room to signify that the addressees no longer resided in the dormitory. The inspectors noted that the control letters were missing after defendant finished sorting in the mail room. They followed Brusseau to a gas station where he bought gas for his car and paid for it with a marked five-dollar bill from one of the control envelopes. Brusseau admitted taking money from the letter.

By its own terms, 18 U.S.C. § 1702 covers only the taking of undelivered correspondence. Defendant claims that Section 154.-62 of the Postal Service Manual authorizes a school to be the agent of its students for purposes of receiving their mail and, thus, receipt by V.P.I. of its students' mail consti-

---

1. 18 U.S.C. § 1702 provides in pertinent part: Whoever takes any letter . . . which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined not more than $2,000 or imprisoned not more than five years, or both.

tuted delivery under these circumstances.[2] "[Section 1702] is applicable until the mailed material is physically delivered to the person to whom it is directed or to his authorized agent . . . ." *United States v. Ashford*, 530 F.2d 792, 795 (8 Cir. 1976), *aff'g* 403 F.Supp. 461 (N.D.Iowa 1975).[3] In the instant case it is clear that the letters did not reach the students addressed. Thus, Brusseau's conviction must stand unless he or V.P.I. was the authorized agent of the addressees within the meaning of § 1702.

Section 154.62 of the Postal Service Manual did not make either V.P.I. or Brusseau the authorized agent of the students for receipt of their mail. The provision merely explains Postal Service procedures for the collection and delivery of mail. *See* Postal Service Manual, Part 111. It speaks of the redirection of mail in the event the addressee has moved and, therefore, indicates that delivery does not take place until the mail is *forwarded and received* by the addressee or his authorized agent.

Brusseau cites *Rosen v. United States*, 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406 (1918), to support his argument that we must rely upon the Postal Service Manual for the definition of delivery. In that case the Supreme Court construed the predecessor statute to 18 U.S.C. § 1708, which contained the term "authorized depository for mail matter," in light of a postal regulation which specifically referred to the statute. Both statute and regulation implicitly relied upon one another. 245 U.S. at 472–73, 38

S.Ct. 148. There is no such reliance in the present case.[4]

Brusseau introduced no evidence from which the court below could find that any specific addressees had authorized him to receive their mail. *United States v. Brown*, 551 F.2d 236, 241 (8 Cir. 1977).[5] In the absence of an express or implied direction, Brusseau was not an authorized agent within the terms of 18 U.S.C. § 1702. We dispense with oral argument and affirm the judgment of the district court.

*Affirmed.*

---

**2.** Section 154.62 provides:

MAIL ADDRESSED TO PERSONS AT HOTELS, SCHOOLS, AND SIMILAR PLACES *is delivered* to the hotel or school. If the addressee is no longer at that address, the mail shall be *redirected* to his current address. If the forwarding address is unknown, the mail shall be returned to the post office. (Emphasis added)

**3.** *Accord, United States v. Brown*, 425 F.2d 1172, 1174 (9 Cir. 1970); *McCowan v. United States*, 376 F.2d 122, 124 (9 Cir. 1967); *Ross v. United States*, 374 F.2d 97, 103 (8 Cir. 1967); *Devine v. United States*, 278 F.2d 552, 554 (9 Cir. 1960); *Maxwell v. United States*, 235 F.2d 930, 932 (8 Cir. 1956), *aff'g* 137 F.Supp. 298 (W.D.Mo.1955); *United States v. Murray*, 306 F.Supp. 833, 834 (D.Md.1964).

**4.** Likewise, *United States v. Chapman*, 179 F.Supp. 447 (E.D.N.Y.1959), which relied upon the *Rosen* rationale, does not support appellant's position. Moreover, it is doubtful whether *Chapman* reflects the courts' current interpretation of § 1702. *See United States v. Ashford, supra*, 530 F.2d at 795.

**5.** *Cf. United States v. Ashford*, 530 F.2d 792, 797 (8 Cir. 1976); *Ross v. United States*, 374 F.2d 97, 101 (8 Cir. 1967); *Tacoronte v. United States*, 323 F.2d 772, 773 (10 Cir. 1963); *Devine v. United States*, 278 F.2d 552, 555 (9 Cir. 1960); *Maxwell v. United States*, 235 F.2d 930 (8 Cir. 1956).