Michael Allen McCOWAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20917.

United States Court of Appeals Ninth Circuit.

April 4, 1967.

Rehearing Denied May 9, 1967.

Russell E. Parsons, Richard Christensen, Los Angeles, Cal., for appellant.

John K. Van de Kamp, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Crim. Div., Stephen D. Miller,

Asst. U. S. Atty., Asst. Chief Special Prosecutions Div., Los Angeles, Cal., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and COPPLE, District Judge.

HAMLEY, Circuit Judge:

Michael Allen McCowan appeals from his conviction on both counts of a two-count indictment charging offenses involving United States mail. The first count charged that, on or about October 21, 1964, McCowan obtained from the Van Nuys, California post office, by fraud and deception, a package addressed to Joan Ansel, Rockville, Maryland, in violation of 18 U.S.C. § 1708 (1964).[1] The second count charged that, on or about the same date, he opened a package addressed to Joan Ansel with the design to obstruct her correspondence, which package had previously been in the Van Nuys post office, in violation of 18 U.S.C. § 1702 (1964).[2] The sentences imposed on the two counts run concurrently.

McCowan contends that the trial court erred in denying his motions for judg-

1. Section 1708 reads as follows:
    "§ 1708. **Theft or receipt of stolen mail matter generally.**
    "Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein; or
    "Whoever steals, takes, or abstracts, or by fraud or deception obtains any letter, postal card, package, bag, or mail, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter; or
    "Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—
    "Shall be fined not more than $2,000 or imprisoned not more than five years, or both."

2. Section 1702 reads as follows:
    "§ 1702. **Obstruction of correspondence.**
    "Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined not more than $2,000 or imprisoned not more than five years, or both."

ment of acquittal because the evidence was not sufficient to support the jury verdict on either count. He argues that, under the evidence, he was the sender of the package in question, and that with the surrender of the package to him as the sender, the post office lost all authority and power over it. Therefore, McCowan argues, if he committed any fraud or crime in connection with the receipt and opening of the package, the matter should be dealt with under state law and not under the United States criminal statutes pertaining to United States mail.

■ Section 1702 discloses a Congressional intent to extend federal protection over mail matter from the time it enters the mails until it reaches the addressee or his authorized agent. Maxwell v. United States, 8 Cir., 235 F.2d 930, 932.

■ Similarly, section 1708 discloses a purpose to extend federal protection over packages held by the post office. As pointed out in United States v. Logwood, 7 Cir., 360 F.2d 905, 908, section 1708 coverage is somewhat more restricted than that of section 1702. However, the protection under section 1708 is adequate to cover the mail fraud here in question.

■ A review of the evidence indicates that the jury was entitled to find that McCowan was neither the sender nor the sender's agent with authority to remove the package and had obtained the package from the postal authorities by means of fraud and with the intent to obstruct correspondence. Under such a finding federal protection over this mail extended not only to the obtaining of the package from the post office (section 1708), but to McCowan's subsequent act of opening the package before it had been delivered to the addressee (section 1702). We conclude that the convictions are supported by substantial evidence.

McCowan next argues that the Assistant United States Attorney who tried the case was guilty of prejudicial misconduct in his cross-examination of a character witness and in his colloquy with the court prior to his cross-examination of another character witness.

Ira Reiner was called as a character witness for McCowan. On direct examination he stated that he knew McCowan's reputation for truth and honesty in the community, and that his reputation for those qualities was excellent. On cross-examination, the Assistant United States Attorney asked:

"Have you heard that Mr. McCowan passed worthless checks in the sum of $12,568.00, and that as a result of this it was a major factor in a man losing his business?"

Objection was made on behalf of McCowan. The objection was sustained and the court immediately instructed the jury to disregard the question.

McCowan later called Gerard Vaccaro as a character witness. Before commencing his cross-examination, the Assistant United States Attorney asked the court, in the presence of the jury, if the court's previous ruling precluded him from "going into this area" as to all ten character witnesses. The court made it clear that this was the effect of the ruling, and instructed the jury to completely disregard all references to the matter.

■■ In view of the careful cautionary instructions which were given it is doubtful if these trial incidents were prejudicial. But, in any event, this cross-examination of Reiner was proper and would likewise have been proper as to all of McCowan's witnesses called to testify as to his good reputation in the community for truth and honesty. On cross-examination of a character witness who gives such testimony, the sufficiency of a witness' knowledge may be tested by asking him what stories were circulating concerning events such as one's arrest. Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168. See, also, Quiles v. United States, 9 Cir., 344 F.2d 490; United States v. Haskell, 2 Cir., 327 F.2d 281, 284. It follows that there was no impropriety in cross-exam-

ining Reiner in the manner indicated and in engaging in the described colloquy with the court concerning the cross-examination of other character witnesses.

McCowan also asserts that the Assistant United States Attorney was guilty of misconduct in questioning him, on cross-examination, concerning his legal education and his intimacy with the Government's female witness.

 On direct examination McCowan was asked about his professional education and on cross-examination the Government simply asked him how many years of law school experience he had. This was relevant cross-examination.

McCowan's defense centered around his contention that he needed to see the contents of the package because he was conducting an official police investigation concerning the young lady who had mailed the package, and her relatives. Tending to undermine this contention was the fact, which the Government sought to disclose on cross-examination, that during the time McCowan said he was investigating this young lady, he was making love to her. Under the circumstances this was proper cross-examination.

Finally, McCowan contends that he was denied a fair trial because it was based upon a superseding indictment, obtained after the first trial resulted in a mistrial because the jury was unable to reach a verdict. The new indictment, McCowan contends, was broadened to cover McCowan's testimony at the first trial.

As indicated in footnotes 1 and 2, both counts of the superseding indictment on which McCowan was convicted, charged that he had dealt with a "package." In the original indictment, however, both counts charged that McCowan had dealt with a "package containing 3 diamond rings."[3]

The change in the indictment language might have provided a basis for the Government to expand its theory of the case because the superseding indictment omitted the original allegation that the package contained three diamond rings. However, we need not decide whether this would have been impermissible because the trial court precluded this possible prejudice. It did so by instructing the jury that the package which McCowan was charged with having obtained from the post office, and opening, is Exhibit No. 4, " * * * which is the package supposedly containing the diamonds." In view of that instruction the different language of the superseding indictment could not have prejudiced McCowan.

Affirmed.

---

3. In addition, while count two of the superseding indictment specifically invoked section 1702, count two of the original indictment named section 1708. This we regard as immaterial.