[Crim. No. 18690. Second Dist., Div. Four. July 26, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
LAWRENCE LEE WILLIAMS, Defendant and Appellant.

## COUNSEL

Robert C. Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Samuel E. Spital, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**JEFFERSON, J.**—Defendant was charged with forgery in violation of section 470 of the Penal Code. Defendant entered a plea of not guilty to the charge and also entered a plea of "once in jeopardy" by conviction of March 31, 1970, for violation of title 18, United States Code section 1708, in the U.S. District Court Central District of California.[1]

Jury trial was waived and the matter submitted to the court, pursuant to stipulation, on the proceedings had at the preliminary hearing and each side reserved the right to offer additional evidence.

---

[1]The court found that defendant had not been once in jeopardy.

The court found defendant guilty as charged. Defendant's motion for new trial and probation were denied and defendant was sent to state prison for the term prescribed by law, the sentence ordered to run concurrently with any federal sentence being served.

Defendant appeals from the judgment of conviction.

Defendant on January 23, 1970, presented two checks to George Tway, a teller for the Bank of America, to be deposited. He knew these checks had been stolen from the U.S. mails and the checks were made payable to Louis Levin. He told the teller that he wanted to deposit the two checks and that he also wanted to cash a check of his own using the name of Louis Levin, but he had no blank checks of his own although he had ordered some.

Defendant was sent to Mrs. George, new accounts clerk at the bank. He exhibited the two stolen checks that he desired to deposit and a deposit slip that indicated to Mrs. George that defendant was in fact Louis Levin. Defendant asked Mrs. George for a counter check and received a blank stock check.

Defendant returned to Mr. Tway's window and presented a counter check in the sum of $975, payable to cash. The teller requested defendant to endorse the check which he did by signing the name of the victim Louis Levin.

The check was then taken to the operations officer of the bank for approval. The operations officer attempted to identify defendant. He observed defendant was attempting to make a deposit for approximately $3,000, and at the same time was attempting to cash a counter check for $975, all in the name of a customer whose name was Louis Levin.

The operations officer questioned the validity of the transaction. He checked the signature card of Louis Levin, who was the bank's customer, made a telephone call to the authentic Louis Levin, and then called police. The police responded to the call and placed defendant under arrest.

Louis Levin testified he had a checking account with the Bank of America, at the Motor Center Branch; that the signature of "Louis Levin" on the check for $975 payable to the order of cash and drawn on his account at Motor Center Branch of Bank of America was not his signature; that he had not given defendant or any other person authority to sign his name or to make any deposits or withdrawals from or to his account.

Defendant testified in his own behalf: He admitted that he had possession of the two stolen checks that were payable to Louis Levin; that he went to the Motor Center Branch of the Bank of America; that he deposited the

two checks to the account of Louis Levin; that he obtained a counter check from the bank and made it out to "cash" for $975 and presented it to the teller to be cashed; that he intended to obtain the remainder of the money from the two checks that he had deposited.

Defendant also testified that on March 31, 1970, he pleaded guilty to one count of violation of 18 United States Code section 1708, possession of stolen mail, and that on May 6, 1970 he was sentenced by the federal court to serve two years in prison.

■ Defendant contends the prior federal conviction constitutes a bar to a state prosecution under sections 656 and 1023 of the Penal Code. This contention is devoid of merit.

Section 656 of the Penal Code, reads as follows: "Whenever on the trial of an accused person it appears that upon a criminal prosecution under the laws of another state, government, . . . founded upon the act or omission in respect to which he is on trial, he has been acquitted or convicted, it is a sufficient defense." In the instant case the federal offense (possession of stolen mail) of which defendant was convicted and sentenced, was not the same offense of which he was convicted in the state court, to wit: forgery in violation of section 470 of the Penal Code. The two offenses were entirely separate and distinct from each other. The evidence required for conviction in each offense was entirely separate, distinct and different.

In the case at bench, the federal offense was the possession by defendant of stolen United States mail. It made no difference whether the mail contained the checks that defendant was convicted of forging or not. On the other hand, the gist of the forgery statute is that any person who, with intent to defraud signs the name of another person, or of a fictitious person, knowing he has no authority so to do, or falsely makes any check or utters, publishes or passes any check or attempts to pass any check as true and genuine is guilty of forgery. None of these elements have any connection with the possession of stolen mail. Here, the testimony hardly would be applicable to both offenses. The check on which the forgery conviction was based was in no way connected with the possession of stolen mail in the federal offense. Sections 656 and 1023 Penal Code are not a bar in this case because the prosecution is for different offenses, founded upon different acts. (*People* v. *Candelaria*, 153 Cal.App.2d 879, 885 [315 P.2d 386].)

■ Defendant contends that the punishment imposed by the state court as a result of the forgery conviction constituted double punishment under Penal Code section 654. This contention is devoid of merit. Penal Code section 654 reads in part as follows: "An act or omission which is made punishable in different ways by different provisions of this code

may be punished under either of such provisions, but in no case can it be punished under more than one; . . ."

Section 654 Penal Code applies only where the conduct of the defendant is made punishable in different ways by different provisions of this code. In the instant case defendant was first convicted and sentenced for a federal offense, which had no connection with the statutory offense of forgery.

In the case at bench, the record adequately discloses that defendant committed both the crime of violating 18 United States Code section 1708, possession of stolen mail, and the crime of forgery in violation of section 470 of the Penal Code and that his convictions of both crimes and the sentences imposed were proper.

Judgment of conviction is affirmed.

Files, P. J., and Dunn, J., concurred.