**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dennis Ray PRUITT, Defendant-
Appellant.**

**No. 20912.**

United States Court of Appeals,
Sixth Circuit.

Aug. 11, 1971.

———◆———

J. Patrick Sullivan, Lexington, Ky. (Court Appointed), for appellant.

Robert E. Rawlins, Lexington, Ky., Eugene E. Siler, Jr., U. S. Atty., William D. Kirkland, Asst. U. S. Atty., Lexington, Ky., on the brief, for appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and BROOKS, Circuit Judges.

PHILLIPS, Chief Judge.

The issue on this appeal is whether a bank messenger entrusted with funds of his employer for delivery to a branch bank may be prosecuted under 18 U.S.C. § 2113(b) for appropriating such funds to his own use.

We answer this question in the affirmative and uphold the conviction of Dennis Ray Pruitt under § 2113(b) for larceny of bank funds.

Pruitt was employed as a messenger by the Second National Bank of Lexington, Kentucky. His duties included the transportation and delivery of money to branch banks. In March of 1969 Pruitt

developed an acquaintance with Hargis Trusty, an employee of a local garage. These two men devised a plan to steal bank funds entrusted to Pruitt for delivery by making it appear that Pruitt had been robbed. On March 21, 1969, while on a delivery run, Pruitt met Trusty at a rendezvous and turned over to him $16,000 in bank funds. Pruitt was shot in the arm and bullets were fired into the bank vehicle. Shortly thereafter Pruitt reported to police that he had been robbed by three masked men.[1]

On March 30, 1969, after being confronted with certain statements made by Trusty, Pruitt admitted that his robbery report was not true and that Trusty had actually taken the money. Pruitt was subsequently tried and convicted for stealing bank funds in contravention of 18 U.S.C. § 2113(b).

18 U.S.C. § 2113(b) provides in pertinent part:

"Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; * * *".

Pruitt contends that § 2113(b) is limited in scope to the crime of larceny at common law; that common law larceny requires a trespass on the possession of another; that it is undisputed that he came into possession of the funds with the consent of his employer; and that, therefore, his crime is not larceny, but embezzlement punishable only under 18 U.S.C. § 656.[2]

The legislative history of § 2113(b) shows that Congress intended to outlaw larceny from a federally insured bank. H.R.Rep. No. 732, 75th Cong., 1st Sess. (1937). We have no hesitation in holding that Pruitt's crime constituted larceny.

"The common-law courts also drew a distinction, which is recognized in most jurisdictions at the present day, between possession and mere custody. Where one having only the bare charge or custody of property for the owner converts it animo furandi, he commits a trespass and is guilty of larceny; the possession, in judgment of law, remains in the owner until the conversion. This is the rule at common law and under statutes declaratory of the common law." 50 Am.Jur. 2d, Larceny, § 89.

Further, employees receiving property from their employers for the limited purpose of delivery of the property to

1. No issue is raised on this appeal as to the sufficiency of the evidence. In the above recitation of facts we have taken that view of the evidence, and the inferences reasonably and justifiably to be drawn from it, most favorable to the Government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Wolfenbarger, 426 F.2d 992, 994 (6th Cir.); Blalack v. United States, 154 F.2d 591, 594 (6th Cir.), cert. denied, 329 U.S. 738, 67 S.Ct. 67, 91 L.Ed. 637, rehearing denied, 329 U.S. 828, 67 S.Ct. 184, 91 L.Ed. 703.

2. 18 U.S.C. § 656 provides in pertinent part:
"Whoever, being an officer, director, agent or employee of, or connected in any capacity with any Federal Reserve bank, member bank, national bank or insured bank, or a receiver of a national bank, or any agent or employee of the receiver, or a Federal Reserve Agent, or an agent or employee of a Federal Reserve Agent or of the Board of Governors of the Federal Reserve System, embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank or any moneys, funds, assets or securities intrusted to the custody or care of such bank, or to the custody or care of any such agent, officer, director, employee or receiver, shall be fined not more than $5,000 or imprisoned not more than five years, or both; but if the amount embezzled, abstracted, purloined or misapplied does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both."

another were considered at common law and under statutes declaratory of the common law to have a mere custody of the property, so that their wrongful conversion of the property constituted the crime of larceny. 50 Am.Jur.2d, Larceny, § 93; Annotation, 125 A.L.R. 367, 375.

We hold that Pruitt's crime falls within this category and is punishable under § 2113(b). Paraphrasing the language of the statute, he took and carried away money exceeding $100 belonging to the bank with the intent to steal it. We need not decide on this appeal to what extent § 2113(b) proscribes crimes other than larceny as argued by the Government.

Pruitt raises one additional issue contending that the District Court committed reversible error in a supplemental instruction pertaining to aiding and abetting. After reviewing the entire charge of the District Judge we hold this contention to be without merit.

Affirmed.