UNITED STATES of America

v.

James Henry ROLLINS, a/k/a Lee
Evans, Defendant.

No. 74 Crim. 951 (JMC).

United States District Court,
S. D. New York.

Oct. 25, 1974.

Paul J. Curran, U. S. Atty., for the Southern District of New York (Richard Wile, Asst. U. S. Atty., of counsel), for the Government.

James Henry Rollins, pro se and by Edward S. Panzer, New York City, of counsel, for defendant.

## MEMORANDUM AND ORDER

CANNELLA, District Judge.

Prior to and during the trial of this case, the Court had reserved decision upon defendant's motion to dismiss, as a matter of law, count four of the instant indictment which charges a violation of 18 U.S.C. § 2113(a). In advance of submitting the case to the jury, the Court granted the motion.* This memoran-

---

\* The decision embraced in the ensuing paragraphs is made without regard to · the evidence which was adduced at trial or the facts of this case and is founded solely upon the Court's construction of the statute and its reading of the indictment. *See,* United States v. Jenkins, 490 F.2d 868 (2 Cir. 1973). The motion was not decided prior to trial or at an earlier point during trial only because the Court desired more

dum serves to express the rationale for the Court's decision on the motion.

In count four of the indictment it is alleged that:

On or about the 9th day of September, 1974, in the Southern District of New York, JAMES HENRY ROLLINS, a/k/a Lee Evans, the defendant, acting under the name of Robert Cody, unlawfully, willfully and knowingly did enter a bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, to wit, Manufacturers Hanover Trust Company, 37 Avenue B, New York, New York, with the intent to commit a larceny and felony in and affecting such bank, to wit, the theft of approximately $650,000.

The three other counts of the indictment charge the defendant with violations of the federal mail fraud laws, 18 U.S.C. §§ 1341 and 1342, alleging that he participated in a scheme to defraud the Manufacturers Hanover Trust Company and the Standard Bank Limited, a bank incorporated in the United Kingdom and having a branch office in Nairobi, Kenya, by means of allegedly false and fraudulent mail transfer forms. These forms, if in proper form and bearing valid signatures, would have authorized the Manufacturers Hanover Trust Company to transfer $650,000 from the account of the Standard Bank to the account of the defendant, an account which stood in the name of Kodi's Domestic and International Enterprises. The indictment further accuses the defendant of having used an assumed or fictitious name for the purpose of carrying on the alleged scheme to defraud.

In charging the defendant under the federal bank "burglary" statute, 18 U.S.C. § 2113(a), which states in pertinent part,

[w]hoever enters or attempts to enter any bank . . . with intent to commit in such bank . . . any felony affecting such bank . . . or any larceny [shall be guilty of a crime],

the Government places reliance upon the terms of § 2113(b). That statute in turn provides that:

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank . . . shall be [guilty of a crime].

In attempting to bootstrap the defendant's alleged mail fraud activities into a violation of § 2113(a), within the purview of which an intended violation of § 2113(b) might properly fall, the Government places primary reliance upon the Second Circuit's decision in United States v. Fistel, 460 F.2d 157 (1972).

In *Fistel,* the Court held that the crimes embraced by § 2113(b) were not limited to larcenies known to the common law, but rather that "this section covers embezzlement by a bank official or employee and other takings with intent to deprive the owner of permanent use of the property taken." *Id.* at 163. In so concluding, the Second Circuit stated:

We recognize that it was held in United States v. Rogers, 289 F.2d 433, 437 (4 Cir. 1961), that § 2113(b) "reaches only the offense of larceny as that crime has been defined by the common law", and in LeMasters v. United States, 378 F.2d 262 (9 Cir. 1967), that § 2113(b) does not include obtaining money under false pretenses.

*Id.* at n. 13.

In holding that § 2113(b) embraces "embezzlement by a bank official or employee and *other takings with intent to deprive the owner of permanent use of the property taken,*" the Court of Appeals appears to have adopted a general rule of construction which broadens the scope of the statute beyond larceny as known at common law, thus allowing such other takings to be used as predicate for a charge under § 2113(a). *See, also,* United States v. Pruitt, 446 F.2d 513 (6 Cir. 1971); Thaggard v. United

time for its own thought and research on the issues presented herein, as well as affording

a similar opportunity for such endeavors to counsel.

States, 354 F.2d 735 (5 Cir. 1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966). If this general rule were applied to include fraudulent takings from banks, dismissal of count four of this indictment would not be warranted. However, in the opinion of this Court, the legislative history surrounding the enactment of these statutes makes clear an exception to the broad construction found in *Fistel* in instances where the alleged or intended taking is founded upon allegations of fraud, whether by the use of the mails or otherwise.

■ In the seminal decision of Jerome v. United States, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943), Mr. Justice Douglas, speaking for a unanimous Court, made clear certain propositions of law concerning § 2113(a). First, that the statute embraces only felonies arising under the federal law and, then, only such federal felonies as affect the business of a bank coming within the scope of the act. *Id.* at 107–108, 63 S.Ct. 483. Second, that § 2113(a) was not promulgated by the Congress with the intent that it embrace within its scope the taking of money or property from a bank in instances where the bank's consent has been obtained "by any trick, artifice, fraud, or false or fraudulent representation." *Id.* at 103, 63 S.Ct. at 485.

In 1934, Congress had before it a bill which would have made it a federal offense to take or attempt to take money or property belonging to or in the possession of a federally insured or national bank without its consent or with its consent obtained "by any trick, artifice, fraud, or false or fraudulent representation." Such provision, although adopted by the Senate, was not included in the House version of the bill nor in the statute as finally enacted. *Id.* at 103, 63 S.Ct. 483. In 1937, the provision presently found in the second subparagraph of § 2113(a), now before the Court, was enacted by the Congress. *Id.* at 103–104, 63 S.Ct. 483. Addressing himself, in light of this legislative history, to the question presently at issue, Mr. Justice Douglas stated:

It is . . . difficult to believe that Congress [by means of § 2113(a)], adopted by indirection in 1937 much of the fraud provision which it rejected in 1934.

*Id.* at 106, 63 S.Ct. at 486. *See also,* Judge Frank's dissenting opinion in Jerome, 130 F.2d 514, 519–24 (2 Cir. 1942); LeMasters v. United States, 378 F.2d 262 (9 Cir. 1967).

In *LeMasters,* the Ninth Circuit held that the crime of obtaining money by false pretenses did not come within the scope of § 2113(b), the section which here serves as the predicate felony for the invocation of the provisions of § 2113(a). That court so concluded after carefully tracing the legislative history of the statute.

We are persuaded the Congress had no intention to include obtaining money by false pretense within [the provisions of § 2113(b)]. When we remember that in 1934 Congress was unwilling to draw into the orbit of a federal criminal law even burglary or taking without consent from a bank, apparently because these crimes were adequately treated by state law enforcement agencies and were not involved in interstate gangster activities, it is hard to believe that in 1937 Congress was willing to involve the United States in the multiplicitous bad check, forgery and other fraudulent transaction cases which occupy so much of the attention of local law enforcement authorities . . . .

*Id.* at 266. *See also,* Bennett v. United States, 399 F.2d 740 (9 Cir. 1968); United States v. Rogers, 289 F.2d 433 (4 Cir. 1961).

■ Hence, while not unmindful of the thoughts expressed in *Fistel,* this Court is of the view that Congress did not seek by its 1937 legislation to bring violations of the federal mail fraud laws into the orbit of the federal bank "burglary" statute solely because a bank becomes the object of or is affected by the fraudulent scheme. The legislative history plainly shows that Congress refused to enact the "bank fraud" statute which

had been proposed to it in 1934, finding adequate criminal sanctions for such conduct elsewhere in the law. The crime upon which the Government here attempts to bootstrap itself into the scope of § 2113(a) is, in essence, defendant's alleged violation of the mail fraud statutes. The inclusion of count four in this indictment is perceived by this Court as no more than an attempt to increase the scope of punishment usually attaching to mail fraud convictions (five years at most) to the maximum of twenty years contained in § 2113(a). This was not the intent of Congress in adopting § 2113 (a) and a fair reading of that statute does not permit the crime alleged in count four of this indictment to lie. It is, therefore, the opinion of this Court that count four of the instant indictment, S74 Cr. 951, be dismissed as a matter of law.

Motion granted. Count four of this indictment, S74 Cr. 951, is dismissed as a matter of law.

It is so ordered.