## Commonwealth v. Batley

460

*Theodore B. Smith, III*, for Commonwealth.
*Taylor P. Andrews*, for defendant.

SHUGHART, *P.J.*, April 15, 1982—Defendant, William Batley, is charged with five counts of forgery for allegedly negotiating five payroll checks payable to other persons in violation of the Crimes Code of December 6, 1972, P.L. 1543, as amended, 18 Pa.C.S.A. §4101. Relying on sections 110[1] and 111 of the Crimes Code, Batley has filed a motion to dismiss in which he contends that the Commonwealth's prosecution is barred by his conviction in

---

1. Although defense counsel has raised section 110 in his motion to dismiss, he has failed to rely on it in his brief. Nevertheless, the applicability of section 110 to the instant case has been considered and the conclusion reached that the argument is without merit.

the Federal court for possession of stolen mail,[2] specifically, possession of the same four checks allegedly forged in counts 2 through 5 of the Commonwealth's complaint. We do not agree and hence shall deny defendant's motion to dismiss.

Defendant acknowledges that the Commonwealth and the federal government, being two separate sovereignties, may successively prosecute him without violating the double jeopardy clause of the U.S. Constitution. He contends, however, that the Commonwealth's prosecution is barred because its interests in prosecuting him are substantially similar to that of the Federal government. He relies upon Com. v. Mills, 447 Pa. 163, 286 A. 2d 638 (1971), and its progeny.

The Pennsylvnaia Supreme Court in Mills was faced with a direct conflict between the interests of the dual sovereignty doctrine and the double jeopardy clause. Mills, who had participated in a robbery of a Federally insured savings and loan association, pled guilty in Federal court to bank robbery and assault. He subsequently sought to have the state charges (carrying a concealed deadly weapon, unlawflly carrying a firearm without a license, and aggravated assault) dismissed on the basis of the double jeopardy clause. In vacating the orders of the trial and Superior courts denying his motion, the Supreme court created what has been called the "interest analysis" test. The court held that

" . . . [in] Pennsylvania, a second prosecution and

---

2. 18 U.S.C. § 1708. Defense counsel attached to his motion a copy of a plea agreement between the defendant and the U.S. Attorney wherein the defendant expressed his intent to plead guilty to the Federal charges. The record is devoid of any final disposition of the Federal charges.

imposition of punishment for the *same offense* will not be permitted unless it appears from the record that the *interests* of the Commonwealth of Pennsylvania and the jurisdiction which initially prosecuted and imposed punishment are *substantially different.* In other words, if it appears that the interests of this Commonwealth were not sufficiently protected in the initial prosecution, then a second prosecution and imposition of additional punishment in Pennsylvania will be allowed." Id. at 171-72. (footnote omitted) (Emphasis supplied.)[3] Two years later the interest analysis test was enacted as part of section 111 of the Crimes Code:[4]

---

3. In Com. v. Grazier, 481 Pa. 622, 393 A. 2d 335 (1978), the only Supreme court case brought to our attention applying the Mills analysis, the court held that a prior acquittal in federal court of mail fraud in connection with an alleged arson scheme barred a state trial for the substantive crime of arson. The court reasoned that "both the federal government and the Commonwealth's principal interest is against the crime of arson." Id. at 631, 393 A. 2d at 339. The interests protected by the statutes, and not the identity of the offenses, were determinative.

4. Section 111 provides in pertinent part:

When conduct constitutes an offense within the concurrent jurisdiction of this Commonwealth and of the United States or another state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this Commonwealth under the following circumstances:

(1) The first prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is based on the same conduct unless:

(i) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(ii) the second offense was not consummated when the former trial began.

Com. v. Zabala, 274 Pa. Superior Ct. 401, 405 n. 10, 418 A. 2d 467, 470 (1980); Com. v. Mascaro, 260 Pa. Superior Ct. 420, 425, 394 A. 2d 998, 1000 (1978). Notwithstanding the enactment of section 111, the Superior court has continued to recognize and apply the Mills interest analysis test. See Zabala, supra; Macaro, supra.

Whether Mills bars the Commonwealth's prosecution of Batley in the instant case depends on whether the governmental interests protected by the state and Federal statutes are "substantially different." Clearly they are. Unlike Com. v. Grazier, 481 Pa. 622, 393 A. 2d 335 (1978), where the Federal and state interests in preventing arson were identical, and Com. v. Mascaro, 260 Pa. Superior Ct. 420, 394 A. 2d 998 (1978), where both governmental statutes existed to prevent theft and fraud, this case involves separate and distinct governmental interests. The Federal statute (possession of stolen mail) is designed to protect the mails: Allen v. United States, 387 F. 2d 641 (5th Cir. 1968); McCowan v. United States, 376 F. 2d 122 (9th Cir.), cert. denied, 389 U.S. 839 (1967). Whether the stolen mail constituted checks that were later forged by defendant is immaterial. See People v. Williams, 18 Cal. App. 3d 925, 96 Cal. Rptr. 291 (1971). On the other hand, the forgery statute is designed, inter alia, to prevent any person from intentionally defrauding another by signing the name of another person, real or fictitious, without authority. See Crimes Code, 18 Pa.C.S.A. §4101 (forgery). See also People v. Williams, supra. The Commonwealth is concerned with the resulting prejudice of another person's rights: Com. v. Wheeler, 200 Pa. Superior Ct. 284, 189 A. 2d 291 (1963). Those third-party rights are not protected by the Federal mail statute. Whereas redress for the victim of the

forgery is possible under the Commonwealth's restitution provision (18 Pa.C.S.A. §1106 (Supp. 1981-1982)), no such relief is afforded under the federal government's mail statute. The differences in the mail and forgery statutes are not merely jurisdictional; they are substantive.[5] The defendant is not in jeopardy of being convicted and punished "for the identical unlawful conduct," as was the case in Com. v. Mills, 447 Pa. 163, 165, 286 A. 2d 638 (1971). In the instant case, the offenses are entirely separate and different.[6] The Common-

5. See People v. Cooper, 398 Mich. 450, 247 N.W. 2d 886 (1976). The Michigan Supreme Court, after having approved of the Pennsylvania Supreme Court's approach in Mills, mentioned several factors which are pertinent to a determination of whether a Federal prosecution bars a state prosecution. Whether the differences in the Federal and state statutes "are merely jurisdictional or are more substantive" is one such factor. Id. at     , 249 N.W. 2d at 871.

6. In People v. Williams, 18 Cal. App. 3d 925, 96 Cal. Rptr. 291 (1971), the California Court of Appeal was presented with the same issue present here. Defendant had pled guilty in Federal court for violation of 18 U.S.C. §1708 (possession of stolen mail) and thereafter attempted to use that conviction to bar the state prosecution for forgery. Both offenses involved the same stolen checks. Defendant contended that section 656 of the California Penal Code barred the second prosecution. Section 656 provided that "[w]henever on the trial of an accused person it appears that upon a criminal prosecution under the Laws of another state, Government . . . founded upon the act or omission in respect to which he is on trial, he has been acquitted or convicted, it is a sufficient defense." Id. at     , 96 Cal. Rptr. at 293. The court rejected this argument and affirmed the state conviction. The court unanimously found the two offenses (possession of stolen mail and forgery) to be "entirely separate and distinct from each other. The evidence required for conviction in each offense was entirely separate, distinct and different." Id. at     , 96 Cal. Rptr. at 293. The offenses, the court held, were "different," "founded upon different acts." Id.

wealth's interests were not sufficiently protected by the Federal prosecution; therefore, the Commonwealth's prosecution is not barred by Mills.

Similarly, the prosecution is not barred by section 111 of the Crimes Code.[7] The actual conduct proscribed by the Federal and state statutes is different, see Com. v. Zabala, 274 Pa. Superior Ct. 401, 418 A. 2d 467 (1980); the same conduct does not constitute an offense within both jurisdictions. Hence, section 111 is inapplicable.

Assuming arguendo that section 111 did apply, the Commonwealth's prosecution would nevertheless be allowed since this case would fall within the exception of subsection 111(1)(i). The Federal and state offenses allegedly committed by Batley each requires proof of a fact not required by the other. The offense for which the Commonwealth is prosecuting Batley (forgery) requires proof that Batley signed the names of the payees on the back of the payroll checks, a fact not required under the Federal offense. The Federal prosecution required proof of a fact not required by the Commonwealth charge, namely, that the checks possessed by Batley were stolen from the mails. In addition, the forgery and possession of stolen mail statutes are "intended to prevent a substantially different harm or evil," 18 Pa.C.S.A. §111(1)(i), as explained in the above discussion of the interest analysis test. Consequently, the requirements of subsection 111(1)(i) are met, and the subsequent prosecution will not be barred.

For the reasons appearing above, we conclude that neither the Mills interest analysis test not section 111 of the Crimes Code bar the Common-

7. See supra note 4.

wealth's prosecution of defendant Batley for forgery.

## ORDER

And now, April 15, 1982, for the reasons appearing in the opinion filed this date, the defendant Batley's motion to dismiss is denied.