**UNITED STATES of America,**

v.

**Albert PICK and Jordan Mittler, Defendants.**

**No. S 82 Cr. 0352 (LFM).**

United States District Court, S.D. New York.

Oct. 28, 1982.

---

Sidney Meyers, New York City, for defendant Mittler.

John S. Martin, Jr., U.S. Atty. S.D.N.Y. by William B. Pollard and Bruce Baird, Asst. U.S. Attys., New York City, for U.S.

## MEMORANDUM and ORDER

MacMAHON, Senior District Judge.

Defendants are charged in a five-count indictment with mail fraud, bank robbery and conspiracy to commit mail fraud and bank robbery, in violation of 18 U.S.C. §§ 371, 1341 and 2113(a). Defendant Mittler has moved to dismiss count five, the bank robbery count, and count three which charges a conspiracy to commit bank robbery. Mittler contends that the crime of mail fraud lies outside the scope of the federal bank robbery statute.

We disagree. Section 2113(a) includes those federal felonies which affect banks protected by the Federal Bank Robbery Act. *Jerome v. United States,* 318 U.S. 101, 108, 63 S.Ct. 483, 487, 87 L.Ed. 640 (1943). Defendants are accused of conducting a "check-kitting" scheme through which they defrauded banks of thousands of dollars. As part of this scheme, defendants allegedly used the mails and entered the banks to deposit checks, drawing against such deposits before the banks determined that the checks were worthless. Use of the mails to effect such a fraud constitutes a federal felony under § 1341. There can be no question that banks are affected by a crime of this sort.

Defendant relies primarily on *United States v. Rollins,* 383 F.Supp. 494 (S.D.N.Y. 1974). There the court held that mail fraud could not serve as a predicate felony for violation of § 2113(a). The *Rollins* court relied heavily upon the Supreme Court's decision in *Jerome, supra,* which the court regarded as establishing that,

"§ 2113(a) was not promulgated by the Congress with the intent that it embrace within its scope the taking of money or property from a bank in instances where the bank's consent has been obtained 'by any trick, artifice, fraud, or false or fraudulent representation.'"

383 F.Supp. at 496 (quoting *Jerome v. United States,* 318 U.S. at 103, 63 S.Ct. at 485).

However, we think *Rollins* reads *Jerome* too broadly. In *Jerome,* the Supreme Court merely held that the *state* law crime of uttering a forged instrument could not constitute a predicate felony under § 2113(a); there was no federal felony involved. In contrast, the predicate felony in the case at bar is a federal crime.

That mail fraud is within the ambit of the Federal Bank Robbery Act is also apparent upon consideration of the Second Circuit's decision in *United States v. Fistel,* 460 F.2d 157 (2d Cir.1972). There the court held that § 2113(b) of the Act "covers embezzlement by a bank official or employee *and other takings with intent to deprive the owner of permanent use of the property taken.*" 460 F.2d at 163 (emphasis added). It is true that subsections (a) and (b) are not identical in language. However, in rejecting the contention that § 2113(b) reaches only "larcenous" takings, the court in *Fistel* interpreted the statutory language consistently with the context in which it appears. Adopting this approach, it is clear that mail fraud may serve as a predicate felony under § 2113(a).

The statute provides:

"Whoever enters or attempts to enter any bank . . . with intent to commit in such bank . . . *any* felony affecting such bank . . . and in violation of *any* statute of the United States *or* any larceny. . ."

shall be guilty of a crime (emphasis added). The statutory language is unqualified and does not exclude mail fraud: *any* federal felony affecting a bank constitutes a predicate felony. To limit predicate felonies to larcenous takings renders the phrase "or any larceny" mere surplusage. Moreover, the broad sweep of the section fulfills the statutory purpose of protecting the financial integrity of banks. We hold, therefore, that mail fraud constitutes a predicate felony under § 2113(a).

Accordingly, defendant's motion to dismiss counts three and five is denied in all respects.

So ordered.