**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Jose Cepeda MAFNAS, also known as
Joseph Cepeda Mafnas,
Defendant-Appellant.**

No. 82–1431.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 25, 1983.

Decided March 8, 1983.

Benjamin C. Bibb, Jr., Agana, Guam, for defendant-appellant.

D. Paul Vernier, Asst. U.S. Atty., Agana, Guam, for plaintiff-appellee.

Before ELY and KENNEDY, Circuit Judges, and NIELSEN,* District Judge.

PER CURIAM:

Appellant (Mafnas) was convicted in the U.S. District Court of Guam of stealing money from two federally insured banks in violation of 18 U.S.C. § 2113(b) which makes it a crime to "... take ... with intent to steal ... any money belonging to ... any bank ...."

Mafnas was employed by the Guam Armored Car Service (Service), which was hired by the Bank of Hawaii and the Bank of America to deliver bags of money.

On three occasions Mafnas opened the bags and removed money. As a result he was convicted of three counts of stealing money from the banks.

This Circuit has held that § 2113(b) applies only to common law larceny which requires a trespassory taking. *Bennett v. United States*, 399 F.2d 740 (9th Cir.1968); *LeMasters v. United States*, 378 F.2d 262 (9th Cir.1967). Mafnas argues his taking was embezzlement rather than larceny as he had lawful possession of the bags, with the consent of the banks, when he took the money.

This problem arose centuries ago, and common law has evolved to handle it. The law distinguishes between possession and custody. R. Perkins and R. Boyce, Criminal Law 296–302 (1982), 3 Wharton's Criminal Law 346–57 (C. Torcia, 14th ed. 1980).

> Ordinarily, ... if a person receives property for a limited or temporary purpose, he is only acquiring custody. Thus, if a person receives property from the owner with instructions to deliver it to the owner's house, he is only acquiring custody; therefore, his subsequent decision to keep the property for himself would constitute larceny.

3 Wharton's Criminal Law, at 353.

The District Court concluded that Mafnas was given temporary custody only, to deliver the money bags to their various destinations. Ex. R. at 8. The later decision to take the money was larceny, because it was beyond the consent of the owner, who retained constructive possession until the custodian's task was completed. This rationale was used in *United States v. Pruitt*, 446 F.2d 513, 515 (6th Cir.1971). There, Pruitt was employed by a bank as a messenger. He devised a plan with another person to stage a fake robbery and split the money which Pruitt was delivering for the bank. The Sixth Circuit found that Pruitt had mere custody for the purpose of delivering the money, and that his wrongful conversion constituted larceny.

Mafnas distinguishes *Pruitt, supra,* because the common law sometimes differentiates between employees, who generally obtain custody only, and others (agents), who acquire possession. Although not spelled out, Mafnas essentially claims that he was a bailee, and that the contract between the banks and Service resulted in Service having lawful possession, and not mere custody over the bags. *See Lionberger v. United States*, 371 F.2d 831, 840, 178 Ct.Cl. 151 (Ct.Cl.) *cert. denied,* 389 U.S. 844, 88 S.Ct. 91, 19 L.Ed.2d 110 (1967) ("A bailment situation is said to arise where an owner, while retaining title, delivers personalty to another for some particular purpose upon an express or implied contract.")

■ The common law also found an answer to this situation. A bailee who "breaks bulk" commits larceny.

> Under this doctrine, the bailee-carrier was given possession of a bale, but not its contents. Therefore, when the bailee pilfered the entire bale, he was not guilty of larceny; but when he broke open the bale and took a portion or all of the contents, he was guilty of larceny because his taking was trespassory and it was from the constructive possession of another.

3 Wharton's Criminal Law 353–54. *See also* W. LaFave & A. Scott, Jr., Criminal Law 626–27, 649–51 (1972).

---

* Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

Either way, Mafnas has committed the common law crime of larceny, replete with trespassory taking.

Mafnas also cannot profit from an argument that any theft on his part was from Service and not from the banks. Case law is clear that since what was taken was property belonging to the banks, it was property or money "in the care, custody, control, management, or possession of any bank" within the meaning of 18 U.S.C. § 2113(b), notwithstanding the fact that it may have been in the possession of an armored car service serving as a bailee for hire. *See United States v. Jakalski,* 237 F.2d 503 (7th Cir.1956), *cert. denied,* 353 U.S. 939, 77 S.Ct. 817, 1 L.Ed.2d 761 (1957); *see also White v. United States,* 85 F.2d 268 (D.C.Cir.1936) (money taken from messenger).

Therefore, his conviction is AFFIRMED.