**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maria L. GALINDO,**
**Defendant–Appellant.**

**No. 88–1150.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 24, 1989.*

Decided March 29, 1989.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Edwin P. Young, II, Tempe, Ariz., for defendant-appellant.

Charles F. Hyder, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before MERRILL, WRIGHT and BEEZER, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

On this appeal from a conviction for five counts of mail theft, in violation of 18 U.S.C. § 1708, followed by the denial of a motion to dismiss the indictment, we consider whether the evidence of an actual theft sufficed.

Maria L. Galindo was an employee of Call's Jewelers. She had been authorized to pick up at the post office packages sent to her employer by certified mail. Call's failed to receive five shipments of jewelry by certified mail. The Postal Service investigated. It determined that Galindo had fraudulently obtained two of the packages by forging the name of a co-employee. She obtained three others by signing her own name in an altered hand so as to suggest that another person had forged her signature.

Galindo was indicted for five counts of mail theft. She moved to dismiss the indictment, asserting that the allegations and proof did not support the crime of mail theft by fraud or deception. The district court denied the motion. A jury convicted her on all counts.

She contends that, even assuming the truth of the government's evidence, she committed only nonfederal thefts from Call's or, at most, obstructed correspon-

dence in violation of 18 U.S.C. § 1702.[1] In essence, she contends that section 1708 does not apply to her because, since she was lawfully entitled to the mail, she did not obtain it *by means of* fraud; rather, she employed fraud only to escape detection. We reject that contention.

Section 1708 expressly grants federal jurisdiction over any person who "by fraud or deception obtains" mail from a post office. In *McCowan v. United States,* 376 F.2d 122, 124 (9th Cir.), *cert. denied,* 389 U.S. 839, 88 S.Ct. 66, 19 L.Ed.2d 102 (1967), we held that evidence that the defendant obtained a package from the post office by misrepresenting himself to be the sender supported his conviction for violating section 1708.

Galindo's conduct is sufficiently similar to McCowan's to bring her case within the rule of *McCowan.* Her fraudulent acts, forging a co-employee's signature and disguising her own signature, induced a postal clerk to give her the packages. Her intent in forging the signatures may not have been to induce delivery but rather was to conceal her involvement once the theft was discovered. Still, the fraudulent acts did in fact induce the postal clerk to surrender the packages. Galindo's conduct was proscribed by section 1708's "fraud or deception" language. *See McCowan,* 376 F.2d at 124.

 Galindo's assertion that "one cannot steal by possessing what he has the right to possess," fails because an agent who is entrusted with property for delivery to a principal or third party has only custody, not possession, of the property. *United States v. Mafnas,* 701 F.2d 83, 84 (9th Cir.1983).

 When an agent acts contrary to the interests of the principal, the agency relationship ceases. *See United States v. Hill,* 579 F.2d 480, 482 (8th Cir.1978) (person who picks up mail for another with intent to steal no longer acts as an agent and is

guilty of mail theft); Restatement of Agency (2d ed.), section 112. Galindo obtained the packages by fraudulent means and was guilty of mail theft even though she converted the contents to her own use at some time thereafter. *See United States v. Morgan,* 805 F.2d 1372, 1377 (9th Cir.1986).

Because Galindo's conduct was prohibited by section 1708, and her entitlement to custody of the mail supplied no ground for exception, the district court did not err by denying her motion to dismiss. *See McCowan,* 376 F.2d at 124; *Mafnas,* 701 F.2d at 84; *Hill,* 579 F.2d at 482.

AFFIRMED.

---

**1.** This court has opined that section 1708's coverage may be more restricted than that of section 1702 since section 1702 expressly protects matter from the time it enters the mails until delivered to the addressee whereas section 1708 mainly protects mail held by the post office. *United States v. Patterson,* 664 F.2d 1346, 1348 (9th Cir.1982); *McCowan v. United States,* 376 F.2d 122, 124 (9th Cir.1967).