**UNITED STATES of America, Appellee,**

v.

**Esther Mae COOKE, Appellant.**

**No. 79–5135.**

United States Court of Appeals,
Fourth Circuit.

Argued June 6, 1980.

Decided July 17, 1980.

Thomas J. Keith, Winston-Salem, N. C., for appellant.

David B. Smith, Asst. U. S. Atty. (H. M. Michaux, Jr., U. S. Atty., Durham, N. C., Becky M. Strickland, Paralegal Specialist on brief), for appellee.

Before HALL and PHILLIPS, Circuit Judges, and HOFFMAN, Senior District Judge.[*]

PER CURIAM:

Esther Mae Cooke appeals from her conviction for obstructing correspondence in violation of 18 U.S.C. § 1702.[1] The appel-

---

[*] Honorable Walter E. Hoffman, Senior United States District Judge, Eastern District of Virginia, sitting by designation.

[1]. Section 1702 provides:

Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall

lant contends that she was authorized to accept delivery of the mail in question and, therefore, cannot be found in violation of § 1702. We disagree and affirm her conviction.

The government's evidence established that the appellant's sister, Wanda Minchaca, regularly received a social security disability check addressed to their mother's home at 2517 Urban Avenue, Winston-Salem, North Carolina. The appellant also received mail at the Urban Avenue address; however, neither the appellant nor Minchaca resided with their mother.

On February 2, 1979, a postal carrier making his usual rounds recognized the appellant standing in front of her mother's home. Since the carrier had handed mail to the appellant at this address on prior occasions, he gave her Minchaca's disability check. A few minutes later, the carrier saw the appellant again, and asked her if she had taken the check into her mother's home; she replied affirmatively.

Later that day, Minchaca learned that the appellant had taken her check. Accompanied by a police officer, Minchaca went to the appellant's residence and confronted her. Upon being threatened with a warrant, the appellant admitted having the check and offered to return it. Thereafter, the appellant was twice interviewed by a postal inspector. On both occasions, after being advised of her *Miranda* rights, she admitted taking the check and hiding it at her residence.

Minchaca testified that she had not authorized the appellant to accept delivery of her mail at the Urban Avenue address. The appellant offered nothing to contradict this testimony, and let the case go to the jury solely upon the government's evidence.

Section 1702 applies only to the obstruction of correspondence *prior* to its delivery. *U. S. v. Brusseau,* 569 F.2d 208 (4th Cir. 1977). The appellant argues that she was authorized to accept delivery of Minchaca's mail, and that delivery was completed when she accepted the check from the postal carrier. If these contentions are true, the appellant's subsequent theft of the check constitutes a crime other than under § 1702.

The appellant's alleged authority is based upon two factors: the provisions of § 154.-141 of the Postal Service Manual;[2] and (2) the prior conduct of the parties. In our opinion, neither factor substantiates the appellant's claim.

■ We have held that the regulations set forth in the Postal Service Manual merely explain the procedures for the collection and delivery of mail. *U. S. v. Brusseau, supra,* at 209. Unless the regulation is implicitly intertwined with § 1702, the regulation cannot be used to interpret the statute. *Id.* We find no such relationship here, and therefor look only to the language of § 1702.

In *United States v. Brusseau, supra,* we held that in the absence of express or implied authorization, one cannot be an agent for the acceptance of mail deliveries as contemplated by § 1702. 569 F.2d at 209. The appellant argues that the prior conduct of the parties gave her such implied authorization. Specifically, the appellant refers to the fact that: (1) she is Minchaca's sister; (2) the postal carrier had on prior occasions handed Minchaca's mail to the appellant at the Urban Avenue address; and (3) Minchaca never objected to the appellant's handling of her mail.

■ At best, these contentions present an issue of fact for the jury. The appellant does not contend that the jury was erroneously instructed, nor does our review of the record disclose such an error. Upon the facts presented, the jury was completely justified in concluding that the appellant had no authority to accept delivery of Minchaca's mail as contemplated by § 1702. Accordingly, the appellant's conviction is

*AFFIRMED.*

---

be fined not more than $2,000 or imprisoned not more than five years, or both.

2. Section 154.141 provides:

CONDITIONS OF DELIVERY

Federal government checks will be delivered to the addressee, to persons who customarily receive his mail, or to other persons authorized in writing to receive his check.